# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **ELIZABETH PETERSON, AMANDA CARLTON, REBECCA HIRSCH, MICHELE O'DELL, and PRASANNA RAMAKRISHNAN,** individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>**BSH HOME APPLIANCES CORPORATION**,<br><br>        Defendant. | Case No.: _____<br><br><br>**COMPLAINT—CLASS ACTION**<br><br>**(For the Purpose of Settlement)** |

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

## CLASS ACTION COMPLAINT

Plaintiffs Elizabeth Peterson, Amanda Carlton, Rebecca Hirsch, Michele O'Dell, and Prasanna Ramakrishnan (collectively "Plaintiffs"), by and through undersigned counsel, individually and on behalf of all others similarly situated, bring this Class Action Complaint against BSH Home Appliances Corporation ("Defendant" or "Bosch") and in support allege, based upon personal knowledge and belief as to their own acts and based on the investigation to date of their counsel, as follows:

## NATURE OF ACTION

1.      Bosch is one of the largest technology companies in the world. It designs, manufactures and sells of a variety of products, including premium-priced kitchen appliances such as microwaves and ovens.

2.      Bosch's kitchen appliance portfolio includes multiple types of microwaves and ovens, including the Bosch 800 Series stainless steel microwave/oven combinations, which are the subject of this action. Over the course of several decades, Bosch has gained the trust of consumers, who reasonably believe that Bosch products are made with quality materials, and that the Bosch products can be used safely, as intended. The Bosch 800 Series is intended by Bosch to be installed within the walls of the kitchen.

3.      During the class period Bosch offered microwave/oven combination products with Model Numbers HBL5751UC, HBL8751UC, HBLP751UC, HMC80151UC, HMC80251UC, and HMC87151UC. (hereinafter, collectively, the "Microwave/Ovens" or the "Products"). All of the Microwave/Ovens are designed, manufactured, and sold with the same or substantially similar control panels.

4.      The cost of the Microwave/Ovens is more than $2,000.00.[1]

---

[1] https://www.bosch-home.com/us/Microwave/Ovenslist/cooking-baking/wall-ovens/combination-ovens?pageNumber=1 (last visited Jan. 22, 2021).

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

5.      The Microwave/Ovens all contain a defect, described in more detail *supra*, that makes them  unsuitable for their intended use.  More specifically, the Microwave/Ovens are defectively designed and/or manufactured such that, under normal and intended use, the display on control panels ("Control Panel") dims or fades to the point where it becomes unreadable, as further described herein.

6.      The Control Panel is essentially the steering wheel of the Microwave/Ovens, which cannot operate properly or safely without the Control Panel. Thus, the dimming or failure of the Control Panel renders the Microwave/Ovens unusable, as it eliminates vital features, such as the temperature display, cooking modes (i.e., broil, bake, roast or warm), clock, and timer, which allow consumers to monitor and control the Microwave/Ovens.

7.      Bosch has undertaken a deliberate and willful pattern of conduct (including taking active measures) aimed at concealing the defect from its  consumers, including Plaintiffs and Class Members.

8.      At all relevant times, Bosch knew or should have known about the defect but nevertheless marketed, advertised, and sold the Microwave/Ovens without warning consumers that the Control Panel would dim or fade to the point where it would become unreadable and unusable.

9.      Bosch fails to disclose the known Defect or to provide consumers with a non-defective replacement. Indeed, rather than providing consumers with new, non-defective Microwave/Ovens after their units failed as a result of the Defect, Bosch failed to adequately remedy the Defect.

10.     Some consumers have had their display panels replaced, only to have the exact same issue recur. Those whose Control Panels were out of warranty, have faced costs of $400 on average for repair or replacement.

11.     As a direct and proximate result of Bosch's concealment of the defect, its failure to warn customers about the Defect before their purchase, and its failure to recall

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

the Microwave/Ovens or remedy the Defect, Plaintiffs and similarly situated customers ("Class" or "Class Members") purchased and used Bosch's defective Microwave/Ovens when they otherwise would not have made such purchases on the same terms or at all, or would not have paid as much for the defective units.

12. Plaintiffs' and putative Class Members' Control Panels have failed (or are likely to fail) as a result of the Defect when Plaintiffs and Class Members use the Microwave/Ovens as intended, resulting in damaged units which are unusable because the faded Control Panel makes it impossible to use the product safely or as intended.

13. Plaintiffs and all putative Class Members' Microwave/Ovens contain the same Defect at the point of sale and Bosch's Microwave/Ovens cannot be used for their intended purpose of safely and properly preparing meals at home.

## **PARTIES**

14. Plaintiff Elizabeth Peterson is a resident and citizen of Woodinville, Washington. Plaintiff Peterson owns one of the aforementioned Microwave/Ovens at-issue, and said Product is rendered useless due to the Control Panel Defect.

15. Plaintiff Amanda Carlton is a resident and citizen of Monument, Colorado. Plaintiff Carlton owns one of the aforementioned Microwave/Ovens at-issue, and said Product is rendered useless due to the Control Panel Defect.

16. Plaintiff Rebecca Hirsch is a resident and citizen of San Ramon, California. Plaintiff Hirsch owns one of the aforementioned Microwave/Ovens at-issue, and said Product is rendered useless due to the Control Panel Defect.

17. Plaintiff Michele O'Dell is a resident and citizen of Cocoa Beach, Florida. Plaintiff O'Dell owns one of the aforementioned Microwave/Ovens at-issue, and said Product is rendered useless due to the Control Panel defect.

18.     Plaintiff Prasanna Ramakrishnan is a resident and citizen of Lake Zurich, Illinois. Plaintiff Ramakrishnan owns one of the aforementioned Microwave/Ovens at-issue, and said Product is rendered useless due to the Control Panel defect.

19.     Defendant BSH Home Appliances Corporation is a Delaware corporation with its principal place of business and headquarters located in Irvine, Orange County, California.

20.     Bosch distributes and markets and directs the marketing of the kitchen appliances, including the aforementioned Microwave/Ovens, in Washington and throughout the United States.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) because: (1) there are one hundred or more (named and unnamed) Class Members, (2) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (3) there is minimal diversity because at least one Plaintiff and Defendant are citizens of different States. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

22.     This Court may exercise personal jurisdiction over Defendant because Defendant does substantial business in this State and within this District, receives substantial compensation and profits from the marketing, distribution, and sales of products in this District, and has engaged in the unlawful practices described in this Complaint in this District.

23.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

24.    This document is being filed for the purpose of settlement, and, upon information and belief, Defendant does not oppose jurisdiction with regard to the Plaintiffs who are not residents of the state of Washington. Further, by filing this Complaint, Plaintiffs do not waive any right to allege different or alternative claims or allegations should the litigation proceed for any reason.

## COMMON FACTUAL ALLEGATIONS

### The Microwave/Ovens

25.    Consumers rely upon manufacturers, including Bosch, to ensure that the Microwave/Ovens are safe, efficient, and function as intended.

26.    Bosch was founded in Stuttgart, Germany in 1886, and by 1929 had more than 10,000 employees and operated worldwide in the motor vehicle and industrial technology.[2] Following the Great Depression, Bosch sought to explore new business areas, including "affordable electric home appliances, which had previously only been found in large households and commercial operations."[3] Today, Bosch advertises its products as being "[b]y your side – today, tomorrow, and beyond. Our home appliances. We can't simply cancel your daily routines for you. But we can shorten them for you. With our home appliances, we represent uncompromising quality, technical perfection, and absolute reliability. Yesterday, today, and in [the] future."[4]

---

[2] https://www.bosch-home.com/us/experience-bosch/history (last accessed on Dec. 30, 2020).
[3] *Id.*
[4] *Id.*

COMPLAINT—CLASS ACTION - 6

27.     Each of the appliances Bosch makes, including the Microwave/Ovens in question, are branded with the "Bosch" logo or, upon information and belief, can otherwise be readily identified as being a Bosch product.[5]

28.     Each of the Bosch-branded Microwave/Ovens contains a Defect that prevents proper use of the Product due to the inability to use the vital Control Panel. More specifically, lighting that illuminates the Control Panel fades over time and renders the Product unusable. This obstruction or disturbance prevents consumers from being able to use the Product.

29.     The interface for the Microwave/Ovens is digital; there are no knobs with markings for temperature, and there is no non-digital display for the clock/timer/cook settings/temperature settings. Consumers use the Microwave/Ovens primarily through inputs to the Control Panel, and those inputs are reflected in the digital display that forms part of the Control Panel. The Control Panel and the display are critical to the use and safety of the Microwave/Ovens, which is why Bosch, and every other manufacturer of microwave/ovens, uses a display that tells consumers what the microwave/oven is doing at any given time. Cooking requires entering a temperature using the Control Panel. The Microwave/Ovens contain numerous cooking modes that must be entered using the Control Panel, including bake, broil, warm, roast, Sabbath, proof dough, and "fast preheat." A proper functioning Control Panel is further vital as the timer function, the clock function, and the selection of the top or bottom unit for cooking must be made through the Control Panel. The Bosch Series 800 Control Panel for the combination microwave/oven is presented as follows in the Use and Care Manual:

---

[5] https://www.bosch-home.com/us/productslist/cooking-baking/wall-ovens/combination-ovens?f_brand_value_class_ma=brand_value_class_bvc_800s.

COMPLAINT—CLASS ACTION - 7        MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
                                  5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
                                  T: 985-783-6789



The Series 800 single oven Control Panel contains no upper/lower oven buttons but is otherwise the same.

30.    Without a functioning display, the Microwave/Ovens become useless and/or dangerous. Operating the Microwave/Ovens without being able to see the temperature, or the cooking time or mode undermines a consumer's ability to use the products to properly cook food, and is unsafe. Cooking using the Microwave/Ovens without a working display is akin to driving a car without a speedometer or other gauges that tell the driver critically important information.

## **The Defect**

31.    The Microwave/Oven Control Panels were designed and manufactured with a vacuum fluorescent display (VFD). Liquid crystal displays have almost entirely replaced VFD's in household appliances as they are more reliable and easier to use from an electrical standpoint.

32.    The VFD utilizes filaments to conduct electrical current that cause the display characters to glow, showing time, temperature, and other indicators in the Control Panels.

33.   The voltage for the display is generated by part of the power supply circuit. That voltage energizes the display filaments. The resulting filament current causes the display to illuminate and become visible.

34.   Industry standards applicable to this type of lighting and display system dictate that the current (in Amperes) should be controlled, but not the voltage. Decreased display life can be expected if the filament current is not properly regulated.

35.   However, the Control Panels contain a defect in that the display system wherein the voltage, rather than the current is controlled. This causes the display of the Control Panels to burn out in an accelerated manner, leading to the display fading beyond any use ("the Defect").

36.   Following years of complaints regarding Control Panel display fade, Bosch remedied the Defect by removing the vacuum fluorescent display and replacing it with a liquid crystal display.

37.   This alternative, feasible design has been available for decades; however, Bosch chose to design and manufacture the Control Panels with outdated and defective technology.

38.   The Defect renders the Microwave/Ovens unfit for the ordinary purpose for which they are used, which is to safely and properly heat food.

39.   As a result of the Defect, the Microwave/Ovens pose an unreasonable risk of harm to consumers and their property and are subject to premature failure.

40.   Had Plaintiffs, Class Members, and the consuming public known that the Microwave/Ovens were defective, posed an unreasonable risk of harm to themselves and their property, and would cause damage, they would not have purchased the Microwave/Ovens at all, or on the same terms or for the same price.

41.   Bosch expressly and impliedly warrants, via user manuals, advertisements, pamphlets, brochures, circulars, samples, and/or models, that the Microwave/Ovens are fit for the ordinary purpose for which they are sold.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

42.   Bosch expressly warrants in its Use and Care Manuals that the Microwave/Ovens are free from defect for one year.[6]

43.   Bosch's manifest intent that its warranties apply to Plaintiffs and consumer Class Members as third-party beneficiaries, is evident from the statements contained in its product literature, including its Limited Product Warranty, which specifically states the Microwave/Ovens are to be used "*[f]or your normal, household (non-commercial) use, and has in fact at all times only been used for normal household purposes.*" Likewise, it was reasonably foreseeable that Plaintiffs and consumer Class Members would be the intended beneficiary of the products and warranties.

44.   It is generally recognized that modern microwaves should last between 9-12 years, and certainly longer than one year.[7] A wall oven can last even longer, up to 16 years.[8]

45.   Bosch's Limited Product Warranty further provides:

> BSH warrants that the Product is free from defect in materials and workmanship for a period of 365 days from the date of purchase. The foregoing timeline begins to run upon the date of purchase, and shall not be stalled, tolled, extended, or suspended, for any reason whatsoever.

> Repair/Replace as Your Exclusive Remedy

> During this warranty period, BSH or one of its authorized service providers will repair your Product without charge to you (subject to certain limitations stated herein) if your Product proves to have been manufactured with a defect in materials or workmanship. If reasonable

---

[6] Statement of Limited Product Warranty, at https://media3.bosch-home.com/Documents/8001137484_A.pdf (pg. 34).

[7] https://www.consumerreports.org/cro/news/2009/03/by-the-numbers-how-long-will-your-appliances-last-it-depends/index.htm; https://brightnest.com/posts/6-signs-you-need-to-dump-your-microwave; https://www.thekitchn.com/6-signs-its-time-to-replace-your-microwave-228769; https://www.hunker.com/12003628/what-is-the-average-lifetime-of-microwave-ovens (last accessed September 27, 2019).

[8] https://www.mrappliance.com/blog/2020/august/how-long-do-ovens-last-/

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

attempts to repair the Product have been made without success, then BSH will replace your Product (upgraded models may be available to you, in BSH's sole discretion, for an additional charge). All removed parts and components shall become the property of BSH at its sole option. All replaced and/or repaired parts shall assume the identity of the original part for purposes of this warranty and this warranty shall not be extended with respect to such parts. BSH's sole liability and responsibility hereunder is to repair manufacturer- defective Product only, using a BSH-authorized service provider during normal business hours.

46. The Warranty fails of its essential purpose for the following reasons:

    (a)    Bosch fails to disclose its knowledge of the Defect when contacted by customers about Product failures;

    (b)    Bosch consistently replaces the Control Panel with another defective Control Panel and without remedying the actual Defect or replacing the Product with a non-defective Product, and without extending the length of the Warranty; and

    (c)    Microwave/Ovens that are replaced under the terms of the Warranty are also replaced with defective Microwave/Ovens.

47. As described herein, Bosch breached the Product warranty at the time it shipped the Microwave/Ovens (and at the point of sale to consumers) because the Microwave/Ovens were defective when they came off of the assembly line. The Defect causes the display to dim prematurely and eventually to completely and permanently darken, making consumers unable to properly or safely use the Microwave/Ovens. Thus, at the time the Microwave/Ovens were shipped and sold to consumers, Bosch was in violation of the express warranty.

48. Further, because Bosch does not have non-defective Microwave/Ovens available to replace the defective Microwave/Ovens, and because its repairs are simply a band-aid that do not resolve the defect, it is unable to fulfill its warranty obligations

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

at the point of purchase, or anytime thereafter, and the warranty is therefore breached immediately upon purchase.

49.     In addition, the Warranty is unconscionable as follows:

(a)     In its limitation to the first owner without transferability;

(b)     In the one-year time limitation when the latent defect often does not manifest until after the expiration of the limitation;

(c)     In the failure and refusal to extend the time limitation at the time a replacement part is installed;

(d)     In its attempt to restrict tolling of the one-year time limitation;

(e)     In its attempt to confiscate and spoliate evidence by purportedly reserving the right to retain all removed components and parts during a repair;

(f)     In its disclaimer of warranties; and

(g)     In its limitation of remedies, including disclaimer of consequential damages.

50.     The Warranty is also unconscionable given Bosch's knowledge of the Defect, the existence of the defect at the point of sale, Bosch's failure to disclose the Defect at the time of sale and during warranty communications, and in the premature failure of the Product's Control Panels.

51.     Any limitations on the warranty are also procedurally unconscionable. There was unequal bargaining power between Bosch, on the one hand, and the Plaintiffs and Class Members, on the other.

52.     Any limitations on the warranty are also substantively unconscionable. Bosch knew the Microwave/Ovens were defective and would continue to fail prematurely after the warranties expired. The Microwave/Ovens also pose a safety risk to consumers because the defect, an inability to use the Control Panel, effectively could

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

lead to consumers overheating food to a dangerous degree. Bosch failed to disclose the Defect to Plaintiffs and Class Members. And, when consumers would complain to Bosch about the Defect, Bosch actively concealed the existence of the Defect and prevented consumers from discovering it. Thus, Bosch's enforcement of the durational limitations on these warranties is harsh and shocks the conscience.

53.    Bosch has actively concealed the existence and nature of the Defect from Class Members, despite its knowledge of the existence and pervasiveness of the Defect, and certainly well before Plaintiffs and Class Members purchased the Microwave/Ovens and during warranty communications. Specifically, Bosch has:

(a) Failed to disclose the Defect to consumers, at or after the time of purchase, including when consumers make warranty claims or otherwise complain to Bosch about the Defect;

(b) Actively concealed the Defect from consumers, at or after the time of purchase, including when consumers make warranty claims, or otherwise complain to Bosch about the Defect;

(c) Failed to disclose, and actively concealed the Defect from consumers, including that the Microwave/Ovens, specifically the Control Panel, were not fit for their intended purpose; and

(d) Failed to disclose and actively concealed the defect from consumers when it improperly and unlawfully denied valid warranty claims.

54.    As a direct, proximate, and foreseeable result of the Defect, Plaintiffs and Class Members suffered damages, including but not limited to: (a) the difference in value of the Microwave/Ovens as purchased and the Microwave/Ovens received; (b) loss of use of the Microwave/Ovens; (c) costs to repair or replace the units, including labor and parts; and (d) consequential damage.

55.    Plaintiffs and Class Members were in privity with Bosch because Bosch makes direct representations to consumers, who are the ultimate purchasers, about the

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

qualities and attributes of the Microwave/Ovens – including the aforementioned advertising on Bosch's website about the quality of their products. *Supra*, at Para. 21. Anyone who installs the Microwave/Ovens in their home must make specific accommodations in their kitchen to fit the Product into their kitchen, including specialty cabinetry designed for Microwave/Ovens.

56.   Further, Bosch, through its authorized dealers, issued warranties to Plaintiffs and Class Members as part of the sale of the Microwave/Ovens. For consumers with warranty claims, in its user manual, Bosch represents that either Bosch or one of its authorized service provides will perform the repairs; otherwise, the warranty is null and void.[9] Thus, the warranty was designed for and intended to benefit only the consumer—here, the Class Members.

57.   In addition, when consumers register their Microwave/Ovens with Bosch, the company directs consumers to contact Bosch directly in the event of any issues with their Product and also promises consumers that Bosch will directly contact them if Bosch discovers any issues with the Product. In particular, in the warranty registration, Bosch represents the many "Benefits of registering your Bosch products," including that "[c]ustomer service is fast and efficient if we have all the information in our records," "[i]n the unlikely event of a recall or safety notice, we'll be able to contact you," and "[i]n the event of a loss due to fire, flood or theft, your registration may serve as proof of purchase for your insurance carrier."

58.   In any event, privity is not required here because Plaintiffs and each Class Member were (and are) intended third-party beneficiaries of the Microwave/Ovens. The retailers were not intended to be the ultimate consumers of the Microwave/Ovens and have no rights under the warranty agreements provided with the Microwave/Ovens to Class Members.

---

[9] https://media3.bosch-home.com/Documents/8001137484_A.pdf (last accessed Dec. 30, 2020).

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

# PLAINTIFFS' FACTS

**Plaintiff Peterson's Facts**

59.   In or about 2014, Ms. Peterson began shopping for a new, reliable Microwave/Oven that would be long lasting and not require many repairs. In anticipation of purchasing a new Microwave/Oven, Ms. Peterson performed research, reviewed models at the appliance store, reviewed the manuals, and representations made by Bosch.

60.   In selecting her Microwave/Oven, Ms. Peterson further relied on Bosch's representations in its written materials related to the Microwave/Ovens' quality and reliability.  She did not expect that the Control Panel would cease to work and render the Product useless.

61.   Ms. Peterson purchased her Bosch 800 Series Microwave/Oven from a home appliance store in September of 2014. Ms. Peterson purchased the Microwave/Oven because she believed it to be a high-end microwave/oven compared to other brands and models.

62.   Ms. Peterson purchased her Microwave/Oven for normal, household (non-commercial) use, and it has in fact at all times only been used for normal household purposes.

63.   The Microwave/Oven was installed in her home shortly after her purchase. Once the Microwave/Oven was installed in Ms. Peterson's kitchen, she began to regularly use it. From the time of purchase until the incident described below, Ms. Peterson used the Microwave/Oven as intended, and maintained it in a reasonable manner as an owner of an appliance.

64.   After using the Microwave/Oven for some time, Ms. Peterson's Microwave/Oven display had faded to the point it was no longer readable, or acceptable for use. Specifically, Ms. Peterson was no longer able to read the clock, timer, power level, mode, or temperature.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

65.     Consequently, Ms. Peterson performed research online and discovered numerous other consumers reporting the same or similar incidences of display fading and failure.

66.     Thereafter, Ms. Peterson replaced the display in her Microwave/Oven so that she would be able to use it.  For a period of time, Ms. Peterson's display functioned as expected. However, the display in the Microwave/Oven already has begun to fade again and will likely fail in the same manner.

67.     Because Bosch unlawfully concealed the Defect from Ms. Peterson before her purchase, as well as after the Microwave/Oven was installed in her home, she did not suspect (and had no reason to suspect) that there was anything wrong with the microwave/oven until the Defect manifested.

68.     Ms. Peterson's Microwave/Oven has not operated properly for the expected useful life of the Microwave/Oven. Had she known of the Defect, she would have either not purchased the Microwave/Oven or would have paid less than she did. Therefore, she did not receive the benefit of her bargain.

**Plaintiff Carlton's Facts**

69.     In or about the spring of 2020, Ms. Carlton began shopping for a new, reliable Microwave/Oven that would be long lasting and not require many repairs. In anticipation of purchasing a new Microwave/Oven, Ms. Carlton looked at various online retailers' websites, including Best Buy's website, to learn more about the Bosch Microwave/Oven.

70.     In selecting her Microwave/Oven, Ms. Carlton further relied on Bosch's representations in its written materials related to the Microwave/Ovens' quality and reliability. She did not expect that the Control Panel would cease to work and render the Product useless.

71.     Ms. Carlton purchased her Bosch Model HBL87M53UC from Appliance Outlet in May of 2020. Ms. Carlton purchased her Microwave/Oven because she

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

believed it to be a high-end microwave/oven compared to other brands and models. Ms. Carlton purchased her Microwave/Oven for normal, household (non-commercial) use, and it has in fact at all times only been used for normal household purposes.

72. The Microwave/Oven was installed in her home shortly after her purchase. Once the Microwave/Oven was installed in Ms. Carlton's kitchen, she began to regularly use it. From the time of purchase until the incident described below, Ms. Carlton used the Microwave/Oven as intended, and maintained it in a reasonable manner as an owner of an appliance.

73. Almost immediately after installation, Ms. Carlton noticed the display on the microwave was dimmer than that of the convection oven. In March 2021, less than a year after her purchase, the microwave stopped working altogether.

74. After learning that her Microwave/Oven suffered from a defect, which Bosch knew or should have known, but which was unknown to Ms. Carlton at the time she purchased the Microwave/Oven, she performed research online and discovered numerous other consumers reporting the same or similar incidences of display fading and failure.

75. In March of 2021, Ms. Carlton contacted Bosch and put them on notice of the problems she experienced with her Microwave/Oven. At that time, the Bosch representative authorized a repair of the Microwave/Oven, as it was still under warranty.

76. An authorized Bosch technician was sent to Ms. Carlton's home to fix the Microwave/Oven. The technician was unsuccessful in repairing the Microwave/Oven, and the display has remained dim.

77. Because Bosch unlawfully concealed the Defect from Ms. Carlton before her purchase, as well as after the Microwave/Oven was installed in her home, she did not suspect (and had no reason to suspect) that there was anything wrong with the Microwave/Oven until the Defect manifested.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

78.    Ms. Carlton's Microwave/Oven has not operated properly for its life expectancy. Had she known of the Defect, she would have either not purchased the Microwave/Oven or would have paid less than she did. Therefore, she did not receive the benefit of her bargain.

**Plaintiff Hirsch's Facts**

69.    In or about 2015, Ms. Hirsch began shopping for a new, reliable Microwave/Oven that would be long lasting and not require many repairs. In anticipation of purchasing a new Microwave/Oven, Ms. Hirsch performed research, reviewed models at the appliance store, reviewed the manuals, and representations made by Bosch.

70.    In selecting her Microwave/Oven, Ms. Hirsch further relied on Bosch's representations in its written materials related to the Microwave/Ovens' quality and reliability. She did not expect that the Control Panel would cease to work and render the Product useless.

71.    Ms. Hirsch purchased her Bosch 800 Series Microwave/Oven from a home appliance store in November of 2015. Ms. Hirsch purchased her Microwave/Oven because she believed it to be a high-end microwave/oven compared to other brands and models. In fact, she had her cabinetry built around the Microwave/Oven.

72.    Ms. Hirsch purchased her Microwave/Oven for normal, household (non-commercial) use, and it has in fact at all times only been used for normal household purposes.

73.    The Microwave/Oven was installed in her home shortly after her purchase. Once the Microwave/Oven was installed in Ms. Hirsch's kitchen, she began to regularly use it. From the time of purchase until the incident described below, Ms.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

Hirsch used the Microwave/Oven as intended, and maintained it in a reasonable manner as an owner of an appliance.

74.     On or around September of 2019, Ms. Hirsch's Microwave/Oven display had faded to the point it was no longer readable, or acceptable for use. Specifically, Ms. Hirsch was no longer able to read the clock, timer, power level, mode, or temperature.

75.     Consequently, Ms. Hirsch performed research online and discovered numerous other consumers reporting the same or similar incidences of display fading and failure.

76.     In September of 2019, Ms. Hirsch emailed Bosch and put them on notice of the problems she experienced with her Microwave/Oven. Her email specifically stated:

> I am having the same issue as it appears hundreds of other people are having, that the display is getting dimmer and dimmer, and almost impossible to read. We had our kitchen cabinets built Around this appliance assuming it would be a quality appliance, so we cannot easily replace it. I see from the reviews this is a known problem. Is there a fix available, is the warranty extended, and how can this be resolved? I have not yet looked to see if there is a class action regarding this issue.

77.     At that time, the Bosch representative informed Ms. Hirsch she could not make a warranty claim because she could not immediately locate her receipt.[10] The Bosch representative failed to respond to any of Ms. Hirsch's other questions, or acknowledge that the Defect existed, or that Bosch knew about the Defect.

78.     Ms. Hirsch continued to use her Microwave/Oven because she had no other recourse at that time; however, the display continued to dim and accomplish total failure.

79.     Consequently, Ms. Hirsch again contacted a Bosch repair technician. On November 11, 2020, the technician replaced the Control Panel and noted, "[t]he

---

[10] Ms. Hirsch was later able to locate her receipt.

display was dim and unit not working at all." Ms. Hirsch paid out-of-pocket for the replacement of the original Control Panel.

80.   However, upon information and belief, the new Control Panel is likewise defective and will fail in the same manner.

81.   Because Bosch unlawfully concealed the Defect from Ms. Hirsch before her purchase, as well as after the Microwave/Oven was installed in her home, she did not suspect (and had no reason to suspect) that there was anything wrong with the microwave/oven until the Defect manifested.

82.   Ms. Hirsch's microwave has now completely failed, and the Microwave/Oven has not operated properly for the expected useful life of the Microwave/Oven. Had she known of the Defect, she would have either not purchased the Microwave/Oven or would have paid less than she did. Therefore, she did not receive the benefit of her bargain.

**Plaintiff O'Dell's Facts**

83.   In or about early 2018, Ms. O'Dell began shopping for a new, reliable microwave/oven that would be long lasting and not require many repairs. In anticipation of purchasing a new Microwave/Oven, Ms. O'Dell researched Bosch's microwave/ovens online, including on Home Depot's and Lowe's' websites.

84.   In selecting her Microwave/Oven, Ms. O'Dell further relied on Bosch's representations in its written materials related to the Microwave/Ovens' quality and reliability. She did not expect that the Control Panel would cease to work and render the Product useless.

85.   Ms. O'Dell purchased her Bosch 800 Series Microwave/Oven from Aggressive Appliances in February of 2018. Ms. O'Dell purchased her Microwave/Oven because she believed it to be a high-end microwave/oven compared to other brands and models. Ms. O'Dell purchased her Microwave/Oven for normal,

household (non-commercial) use, and it has in fact at all times only been used for normal household purposes.

86.     Ms. O'Dell purchased the Microwave/Oven for use in her new home. Due to construction delays, the Microwave/Oven was not installed in her home until May of 2018, approximately two months after her purchase. Once the Microwave/Oven was installed in Ms. O'Dell's kitchen, she began to regularly use it. From the time of purchase until the incident described below, Ms. O'Dell used the Microwave/Oven as intended, and maintained it in a reasonable manner as an owner of an appliance.

87.     Within the first few months of using the Microwave/Oven, Ms. O'Dell began to notice issues with the display, which appeared faint. Ms. O'Dell contacted Bosch, who authorized a repair of the Microwave/Oven. However, the purported "fix" failed to resolve the issue, and the display remained faded.

88.     On approximately April 8, 2020, the microwave failed completely and would no longer heat food. Ms. O'Dell contacted Bosch, but at that time, the Bosch representative denied the warranty claim as the warranty had expired. The Bosch representative failed to acknowledge that the Defect existed, or that Bosch knew about the Defect.

89.     After learning that Bosch had denied her claim, Ms. O'Dell contacted Aggressive Appliances to resolve the issue. A service technician from Aggressive Appliances inspected the Microwave/Oven on April 14, 2020 and attempted fix it by replacing a switch in the microwave. This failed to resolve the issue, and the technician informed Ms. O'Dell that he would need to order additional parts. The repair was finally completed on April 28, 2020 and Ms. O'Dell paid out-of-pocket for the parts and labor.

90.     After learning that her Microwave/Oven suffered from a defect, which Bosch knew or should have known, but which was unknown to Ms. O'Dell at the time

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

she purchased the Microwave/Oven, she performed research online and discovered numerous other consumers reporting the same or similar incidences of display fading and failure.

91. Because Bosch unlawfully concealed the Defect from Ms. O'Dell before her purchase, as well as after the Microwave/Oven was installed in her home, she did not suspect (and had no reason to suspect) that there was anything wrong with the Microwave/Oven until the Defect manifested.

92. Ms. O'Dell's Microwave/Oven has not operated properly for its life expectancy. Had she known of the Defect, she would have either not purchased the Microwave/Oven or would have paid less than she did. Therefore, she did not receive the benefit of her bargain.

**Plaintiff Ramakrishnan's Facts**

103. In or about early 2018, Mr. Ramakrishnan began shopping for a new, reliable microwave/oven that would be long lasting and not require many repairs. In anticipation of purchasing a new microwave/oven, Mr. Ramakrishnan researched Bosch's 800 Series Microwave/Ovens on various online forums and through discussion with Abt Electronics, an authorized Bosch dealer.

104. In selecting his Microwave/Oven, Mr. Ramakrishnan further relied on Bosch's representations in its written materials related to the Microwave/Ovens' quality and reliability. He did not expect that the Control Panel would cease to work and render the Product useless.

105. Mr. Ramakrishnan purchased his Bosch 800 Series Microwave/Oven in February of 2018. Mr. Ramakrishnan purchased his Microwave/Oven because he believed it to be a high-end Microwave/Oven compared to other brands and models. Mr. Ramakrishnan purchased his Microwave/Oven for normal, household (non-commercial) use, and it has in fact at all times only been used for normal household purposes.

106.    The Microwave/Oven was installed in his home shortly after his purchase. Once the Microwave/Oven was installed in Mr. Ramakrishnan's kitchen, he began to regularly use it. From the time of purchase until the incident described below, Mr. Ramakrishnan used the Microwave/Oven as intended, and maintained it in a reasonable manner as an owner of an appliance.

107.    Within a year of his purchase, Mr. Ramakrishnan noticed that the display on the Microwave/Oven was faded.

108.    After learning that his Microwave/Oven suffered from a defect, which Bosch knew or should have known, but which was unknown to Mr. Ramakrishnan at the time he purchased the Microwave/Oven, he performed research online and discovered numerous other consumers reporting the same or similar incidences of display fading and failure.

109.    In 2019, Mr. Ramakrishnan first contacted Bosch and put them on notice of the problems he experienced with his Microwave/Oven. At that time, the Bosch representative directed Mr. Ramakrishnan to contact the retailer, who sent a service technician to diagnose the problem.[11] The service technician could not diagnose the problem, and attempted multiple fixes to resolve the issue. In fact, there have been approximately three attempted repairs and the issue continued.

110.    The last repair was made in February of 2021, and, upon information and belief, the new Control Panel is likewise defective and will fail in the same manner.

111.    Mr. Ramakrishnan was required to pay diagnostic fees each and every time a technician inspected the Microwave/Oven.

112.    Bosch failed to acknowledge that any Defect existed, or that Bosch knew about the Defect.

---

[11] In fact, Plaintiff was repeatedly directed to make the initial warranty claim through the appliance repair company.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

113.   Because Bosch unlawfully concealed the Defect from Mr. Ramakrishnan before his purchase, as well as after the Microwave/Oven was installed in his home, he did not suspect (and had no reason to suspect) that there was anything wrong with the Microwave/Oven until the Defect manifested.

114.   Mr. Ramakrishnan's Microwave/Oven has not operated properly for its life expectancy. Had he known of the Defect, he would have either not purchased the Microwave/Oven or would have paid less than he did. Therefore, he did not receive the benefit of his bargain.

**BOSCH'S ACTUAL OR**
**CONSTRUCTIVE KNOWLEDGE OF THE DEFECT**

115.   Each Plaintiff put Bosch on direct notice of the Defect in their Microwave/Ovens either through Bosch or Bosch's authorized repair company when she replaced her Control Panel.

116.   On August 3, 2021, via letter by undersigned counsel, Plaintiff Hirsch and another consumer put Bosch on notice of breach of warranties, breach of contract, unjust enrichment, negligence, strict liability, and violations of various consumer protection statutes. The notice was sent on behalf of Plaintiff Hirsch and putative Class Members across the country. The letter was supplemented on August 5, 2021. The letters were delivered to Bosch's California and Delaware registered agents between August 9, 2021 and August 10, 2021.

117.   In addition to Plaintiffs' direct notice, Bosch knew or should have known when it sold the Microwave/Ovens to the public that they suffered from the Defect, and that the defect caused the Control Panels to function improperly during their expected useful life, represented an unreasonable risk that the Control Panels would fade, and, ultimately, might result in significant personal injury and/or property damage to consumers and the public.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

118.   Bosch's knowledge of these facts is established through consumer complaints that the Microwave/Ovens failed during normal use. Despite its knowledge, Bosch did not remedy or eliminate the Defect in the Microwave/Ovens or remove them from the stream of commerce. Nor did Bosch contact consumers to give notice of the Defect, even though Bosch was made aware of the defect and even though their warranty states that they would contact consumers when made aware of Defects in their products.

119.   Bosch's actual knowledge of the Defect is evidenced by consumer complaints under reviews for the Product various consumer websites.

120.   The complaints on its own website and other retailers' websites further demonstrate that Bosch has been aware of the dangerous and potentially harmful defect and has not taken any steps to remedy the dangerous defect or recall the Microwave/Ovens.

121.   For example, consumers noted:

One customer who initially believed they had purchased a great product, updated their review as follows:[12]

The Bosch Stainless Steel speed oven is amazing. It is expensive
Reviewed in the United States on July 31, 2016
Verified Purchase
    UPDATE: I have had this unit for 2 years now and the top display began to dim. **I called Bosch and they said that there isn't a way to replace the bulb and that the entire display on the microwave needs to be replaced.** [Emphasis added].

---

[12] https://www.amazon.com/Bosch-HBL8751UC800-Stainless-Electric-Combination/product-reviews/B00JKA5EGG/ref=cm_cr_unknown?filterByStar=three_star&pageNumber=1 (Last accessed August 10, 2021).

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

In June of 2018, an Amazon reviewer wrote in a lengthy post:[13]

**Works great but display fades prematurely if clock is left in default positition [sic]. User Manual needs fixing!**
Reviewed in the United States on June 2, 2018

> I have the HMC80251UC over a matching Convection oven and warming drawer. I am positive about the performance, but there is a critical omission in the instruction book that has made a lot of very unhappy customers who have crossed Bosch off of their list forever. I an a retired electronics engineer and I have been a serious cook for decades. Also, during the last 30 years of my career, I have served on numerous design review and failure review boards. Most of the complaints are that the display grew too dim to use. The life span varied from a few months to two years. My display did the same thing over two years. Unfortunately, Bosch does not sell the display module alone. One has to buy the entire top level Control Panel Assembly. The part cost $200 directly from Bosch, not $400 as reported by some

In September of 2018, an Amazon user complained:[14]

<u>**Very disapointed**</u>
Reviewed in the United States on September 4, 2018

> Oven is great but the microwave has had many problems. The last one the light on the microwave went so dim it was very difficult to read up close. Had to replace the whole upper panel at a cost of 450 plus. Now the light is no brighter on high than on medium. Unit is two years old. Very disappointed.

In November of 2018, another Amazon user noted:[15]

---

[13] https://www.amazon.com/gp/customer-reviews/RJ93VY3JLIY96/ref=cm_cr_arp_d_viewpnt?ie=UTF8&ASIN=B00JKA5EGG#RJ93VY3JLIY96 (Last accessed August 10, 2021).

[14] https://www.amazon.com/Bosch-HBL8751UC800-Stainless-Electric-Combination/product-reviews/B00JKA5EGG/ref=cm_cr_unknown?filterByStar=two_star&pageNumber=1 (Last accessed August 10, 2021).

[15] https://www.amazon.com/Bosch-HBL8751UC800-Stainless-Electric-Combination/product-

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

1

**Unreliable**

2

Reviewed in the United States on November 4, 2018

3

4

> If you purchase this product, buy an extended warranty --you will need it.
> I wish I had. I would not buy another Bosch. Microwave is two years old.
> The electrical panel has been replaced. Today the panel went out a second
> time. Unreliable. I paid more money for this product because it was
> supposed to be of better quality. The repair estimate is excessive. Not
> worth the price.

5

6

7

In April of 2019, an Amazon user further complained:[16]

8

**Poor Customer Support for poor quality appliance**

9

Reviewed in the United States on April 23, 2019

10

11

> **My display became very dim just after the warranty ran out. This
> has been an ongoing problem for them with this unit, but instead of
> recalling it and doing the right thing, they are satisfied with the
> poor quality.** I've had it for 4 years and now the rotating tray is sparking. I have
> called and gone back and forth with emailing documents to Bosch
> Customer Service and they are obviously trying to make me cry "uncle".
> [Emphasis added].

12

13

14

15

From one reviewer in or about Winter of 2019 on Bosch's website

16

(HBL8752UC):[17]

17

18

> We are on our 2nd 800 Series Combination Oven. The electrical panel for
> the microwave/convection portion failed twice in the first 4 years. After
> the 2nd failure, our warranty company replaced the entire combination unit
> as the electrical panel was no longer available (after only 4 years!)… We're

19

20

21

reviews/B00JKA5EGG/ref=cm_cr_unknown?filterByStar=one_star&pageNumb
er=1 (Last accessed August 10, 2021).

22

[16] *Id.*

23

[17] https://www.bosch-home.com/us/productslist/cooking-baking/wall-
ovens/combination-ovens/HBL8753UC#/Tabs=section-reviews/ (last accessed
Dec. 30, 2020).

24

crossing our fingers that we do not have the same electronic panel issues as the last one!

From an unhappy Bosch customer in or about the Winter of 2019 after multiple attempts to solve their Control Panel issue (HBL8752UC):[18]

I have the same problem as one of the other reviewers. Unit has been nonfunctional since mid-January and it is now mid-July and still not working. Microwave display went blank and unit ceased to function… Now July 17th and it is still not functioning.

In April of 2020, another Amazon reviewer stated:[19]

**Bad Boards**
Reviewed in the United States on April 1, 2020

I purchased this oven in 2016. Generally, I really like it. Both the microwave and the ovens have great features and both work well. My reason for three stars is that **within one year I had to have the control panel on the lower oven replaced. It was faulty and was getting very hot to the touch. Fortunately, that was covered under warranty. Just this week, less than four years later, I had to replace the top control panel on the microwave. It flat out died, and cost $500 to replace, of course out of warranty. This was not a cheap appliance. A panel should last more than four years.** Come on Bosch, you can and should do better. (Emphasis added).

From one reviewer in or about the Spring of 2020 (HBL8752UC):[20]

… Do not be fooled! Last week after microwaving my lunch … the microwave panel went out. I checked the electrical fuse and it had not been tripped so I figured it was something internal. A reliable service man came and before he took the unit apart and tested it to see if electricity

---

[18] *Id.*

[19] https://www.amazon.com/Bosch-HBL8751UC800-Stainless-Electric-Combination/product-reviews/B00JKA5EGG/ref=cm_cr_unknown?filterByStar=three_star&pageNumber=1 (Last accessed August 10, 2021).

[20] *Id.*

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

was there, he diagnosed a faulty panel. **He said he has had to replace these panels quite often…** So the total bill for the microwave that is not overused or abused is $454.00… Anyway you look at this [appliance], add an extra $450 to your price.

From another Amazon user:[21]

**BEWARE buying Bosch Appliance.**
Reviewed in the United States on June 10, 2020

BEWARE!!!
Control panel of the microwave became unreadable and the turntable has stopped turning after just 2.5 years of home use. Pretty much a useless $1,500.00 microwave at this point.

122.    Not only does the number of complaints over the course of several years demonstrate Bosch was on notice of the Defect, but the substance of several complaints note that Bosch was put on direct notice and that these panels are being frequently replaced for significant out of pocket costs.

123.    In addition, these online reviews about the Defect are quite likely only a fraction of the complaints Bosch received about the Defect. Bosch has a Customer Support Center that fields calls from consumers about issues with their products, and consumers can contact Bosch by email through the "contact us" function on Bosch's website. The online review function is a way for those consumers who wish to share their experiences with others; undoubtedly consumers who do so are a subset of those who contact Bosch about it.

---

[21] https://www.amazon.com/Bosch-HBL8751UC800-Stainless-Electric-Combination/product-reviews/B00JKA5EGG/ref=cm_cr_unknown?filterByStar=one_star&pageNumber=1 (Last accessed August 10, 2021).

124.   In conjunction with Bosch's experience with kitchen appliances, including the participation of designing, manufacturing and selling the Microwave/Ovens, these facts and complaints illustrate that Bosch knew or should have known of the Defect.

125.   Bosch has a duty to disclose the Defect and to not conceal the Defect from Plaintiffs and Class Members. Bosch's failure to disclose, or active concealment of, the serious safety defect places Plaintiffs and Class Members at risk of personal injury and/or property damage.

126.   Bosch is currently still selling the defective Microwave/Ovens, concealing the Defect, failing to notify consumers of the safety Defect, and failing to recall the Microwave/Ovens.

127.   Moreover, Bosch continues to falsely represent through written warranties that the Microwave/Ovens are free from Defect, are of merchantable quality, and will perform dependably for years.

128.   When corresponding with customers, Bosch does not disclose that the Microwave/Ovens suffer from the Defect. As a result, reasonable consumers, including Plaintiffs and Class Members, purchased and used, and continue to purchase and use the Microwave/Ovens in their homes even though it is unsafe to do so.

129.   Had Plaintiffs, Class Members, and the consuming public known that the Microwave/Ovens were defective, posed an unreasonable risk of harm to themselves and their property, and would cause damage, they would not have purchased them.

130.   Bosch has wrongfully placed on Plaintiffs and Class Members the burden, expense, and difficulty involved in discovering the Defect, repairing and replacing the Control Panels (potentially multiple times), and paying for the cost of damages caused by the Defect.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

## TOLLING AND ESTOPPEL OF STATUTE OF LIMITATIONS

131.   Bosch had actual awareness for years that the Microwave/Ovens contain a Defect that the Control Panel fails.

132.   Although Bosch was aware of the Defect, it took no steps to warn Plaintiffs or the Class of such Defect and the dangers the Defect would pose.

133.   At least by 2016, if not earlier, Bosch had received numerous reports of these units failing to work due to issues related to the Control Panels.

134.   Bosch has purportedly changed its manufacturing process in its attempt to correct the problem for newly manufactured Bosch-branded Microwave/Ovens, without notifying consumers of these changes.

135.   Bosch did not, however, issue a recall, warn consumers, or take any other affirmative steps to correct the problem in the Microwave/Ovens already in the field with the Defect, neither did Bosch take steps to alert members of the Class about the problem.

136.   Despite its knowledge, Bosch has fraudulently concealed the fact that the Microwave/Ovens were defective,  even though it had a duty to disclose the Defect.

137.   Bosch made affirmative misrepresentations to consumers during the sale of these Microwave/Ovens, including that they were free of defect.

138.   Bosch made affirmative misrepresentations to Plaintiffs and consumers during warranty claims and other correspondence with consumers lodging complaints, including that their problems with the Microwave/Ovens have been resolved in an effort to persuade consumers to accept replacement parts, including that replacement Control Panels would remedy the problem, and in other ways to be discovered.

139.   At all times, Bosch concealed that the Microwave/Ovens and any replacements were defective.

140.   Bosch's concealment was material to Plaintiffs' and Class Members' decision to purchase the Microwave/Ovens.  Bosch's concealment  was knowing, and

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

Bosch intended to mislead Plaintiffs and Class Members into relying upon it. Accordingly, Plaintiffs and Class Members relied upon Bosch's concealment of these material facts and suffered injury as a proximate result of that justifiable reliance.

141.    The Defect in the design and/or manufacture of the Microwave/Ovens was not detectible to Plaintiffs and members of the Class.

142.    Bosch actively and intentionally concealed the existence of the Defect and failed to inform Plaintiffs or Class Members of the existence of the Defect at all times, including when they contacted Bosch about the problems. Accordingly, Plaintiffs' and Class Members' lack of awareness was not attributable to lack of diligence on their part.

143.    Bosch's statements, words, and acts were made for the purpose of suppressing the truth that the Microwave/Ovens and replacements were defective.

144.    Bosch concealed the defect for the purpose of delaying Plaintiffs and Class Members from filing a complaint on their causes of action.

145.    As a result of Bosch's active concealment of the defect and/or failure to inform Plaintiffs and members of the Class of the defect, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled. Furthermore, Bosch is estopped from relying on any statutes of limitations in light of its active concealment of the defective nature of the Microwave/Ovens.

146.    Further, the causes of action alleged herein did not occur until Plaintiffs and Class Members discovered that their Microwave/Ovens had the Defect. Plaintiffs and Class Members had no realistic ability to discern that the Microwave/Ovens were defective until they learned of the existence of the Defect. In either event, Plaintiffs and Class Members had no reason to discover their causes of action because of Bosch's active concealment of the true nature of the Defect.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

1
2

## FED. R. CIV. P. 9(b) ALLEGATIONS
### (Affirmative and By Omission)

3
4
5

147.    Although Bosch is in the best position to know what content it placed on its website(s) and in marketing materials during the relevant timeframe, to the extent necessary, Plaintiffs satisfy the requirements of Rule 9(b) by alleging the following facts with particularity:

6
7
8
9
10
11

148.    WHO: Bosch made material misrepresentations and/or omissions of fact through its website representations, warranties, owner's manuals, labeling and marketing, statements and representations made by employees receiving warranty claims, and through statements and representations made by its authorized retailers of the Microwave/Ovens, which include statements such as that the Microwave/Ovens were not defective, were of high-quality, and were suitable for their purpose of safely and properly cooking and heating food.

12
13
14
15
16
17
18
19
20
21
22

149.    WHAT: Bosch's conduct here was, and continues to be, fraudulent because it omitted and concealed that the Microwave/Ovens are (a) defective, in that the Control Panel dims or fades to a point where the display panel is difficult or impossible to read, rendering the Microwave/Ovens unusable, (b) are not of high-quality, (c) could present a safety hazard when being used as intended, and (d) could fail prior to the completion of their expected useful life. Bosch's employees and authorized agents and representatives made affirmative misrepresentations to Plaintiffs and Class Members regarding the same qualities. Further, Bosch's conduct deceived Plaintiffs and Class Members into believing that the Microwave/Ovens are not defective, are high-quality, are safe to use, and will last at least as long as the full duration of their expected useful life. Bosch knew or should have known this information is material to reasonable consumers, including Plaintiffs and Class Members in making their purchasing decisions, yet it omits any warning that the Microwave/Ovens suffer from the Defect.

23
24

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

150.   WHEN: The material misrepresentations and/or omissions detailed herein were made prior to and available at the time Plaintiffs and Class Members performed research on the Microwave/Ovens to gather information that would aid them in selecting the best microwave/oven to purchase; prior to and at the time Plaintiffs and Class Members purchased the Microwave/Ovens, prior to and at the time Plaintiffs and Class Members made claims about the Defect, and continuously throughout the applicable Class periods.

151.   WHERE: Bosch's material misrepresentations and/or omissions were made on its website(s), through marketing materials, in warranties, in user manuals, on the labeling of the packaging, as well as through statements made by its employees and authorized retailers.

152.   HOW: Bosch made misrepresentations and/or failed to disclose material facts regarding the true safety risks of normal use of the Microwave/Ovens in written form, electronic form, or conventional hardcopy form, as well as verbally through statements made by its employees and authorized retailers.

153.   WHY: Bosch made the material misrepresentations and/or omissions detailed herein for the express purpose of inducing Plaintiffs, Class Members, and all reasonable consumers to purchase and/or pay for the Microwave/Ovens, the effect of which was that Bosch profited by selling the Microwave/Ovens to many thousands of consumers.

154.   INJURY: Plaintiffs and Class Members purchased or paid more for the Microwave/Ovens when they otherwise would not have absent Bosch's misrepresentations and/or omissions. Further, the Microwave/Ovens continue to pose unreasonable safety risks and cause consumers to incur unnecessary and unreasonable out-of-pocket expenses when manifestation of the Defect occurs.

## CLASS ACTION ALLEGATIONS

155.    Plaintiffs bring this action individually and as a class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) on behalf of the following Nationwide Class:

> All persons who purchased for personal use and not for resale a Bosch microwave/combo oven equipped with a vacuum fluorescent display ("VFD") control panel un the U.S., during the Class Period.

156.    The "Class Period" shall be from January 1, 2014 until the date of preliminary approval of the Settlement Agreement.

157.    Plaintiffs reserve the right to modify the class definitions if necessary to include additional Bosch ovens, microwaves, or other series combination units with the same Defect and/or other Microwave/Ovens manufactured by Bosch with the common Defect but bearing different brand names.

158.    <u>Numerosity</u>: The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class Members is presently unknown, it consists of thousands of people geographically disbursed throughout the United States, including Washington. The number of Class Members can be determined by sales information and other records. Moreover, joinder of all potential Class Members is not practicable given their numbers and geographic diversity. The Class is readily  identifiable from information and records in the possession of Bosch and its third-party distributors.

159.    <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class. These questions predominate over questions that may affect only individual Class Members because Bosch has acted on grounds generally applicable to the Class. Such common legal or factual questions include, *inter alia*:

> (a)    Whether the Microwave/Ovens are defective;

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

(b)    Whether the Microwave/Ovens are defectively designed and/or manufactured;

(c)    Whether Bosch knew or reasonably should have known about the Defect prior to distributing the Microwave/Ovens to Plaintiffs and the members of the Class;

(d)    Whether Bosch concealed from and/or failed to disclose to Plaintiffs and the members of the Class the problems with the Microwave/Ovens;

(e)    Whether Bosch knew or reasonably should have known about the Defect after distributing the Microwave/Ovens to Plaintiffs and the members of the Class;

(f)    Whether Bosch breached the implied warranty of merchantability;

(g)    Whether Bosch breached express warranties relating to the Microwave/Ovens;

(h)    Whether Bosch's Limited Product Warranty is unconscionable;

(i)    Whether Bosch should be ordered to disgorge all or part of the ill-gotten profits it received from the sale of the defective Microwave/Ovens;

(j)    Whether Plaintiffs and the members of the Classes are entitled to damages, including compensatory, exemplary, and statutory damages, and the amount of such damages;

(k)    Whether Bosch should be enjoined from selling and marketing its defective Microwave/Ovens; and

(l)    Whether Bosch engaged in unfair, unconscionable, or deceptive trade practices by selling and/or marketing defective Microwave/Ovens.

160.    <u>Typicality</u>: Plaintiffs' claims are typical of the members of the Class as all members of the Class are similarly affected by the same defect and Bosch's actionable conduct. Plaintiffs and all members of the Class purchased the Microwave/Ovens with a defect that  makes the Microwave/Ovens inherently dangerous. In addition, Bosch's conduct that gave rise to the claims  of Plaintiffs and members of the Class (*i.e.*, delivering defective Microwave/Ovens, concealing the Defect, and breaching warranties with respect to the Microwave/Ovens) is the  same for all members of the Class.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

161.   <u>Adequacy of Representation</u>: Plaintiffs will fairly and adequately protect the interests of the Class because she has no interests antagonistic to, or in conflict with, the Class that Plaintiffs seek to represent. Furthermore, Plaintiffs have retained counsel experienced and competent in the prosecution of complex class action litigation.

162.   <u>Injunctive/Declaratory Relief</u>: The elements of Rule 23(b)(2) are met. Bosch will continue to commit the unlawful practices alleged herein, and members of the Class will remain at an unreasonable and serious safety risk as a result of the defect. Bosch has acted and refused to act on grounds that apply generally to the Class, such that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole.

163.   <u>Predominance</u>: The elements of Rule 23(b)(3) are met. The common questions of law and fact enumerated above predominate over the questions affecting only individual members of the Class, and a class action is the superior method for the fair and efficient adjudication of this controversy. The likelihood that individual Class Members will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Serial adjudication in numerous venues is not efficient, timely, or proper. Judicial resources will be unnecessarily depleted by resolution of individual claims. Joinder on an individual basis of hundreds or thousands of claimants in one suit would be impractical or impossible. Individualized rulings and judgments could result in inconsistent relief for similarly-situated Plaintiffs.

164.   Plaintiffs know of no difficulty to be encountered in the maintenance of this  action that would preclude its maintenance as a class action.

165.   Bosch has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief  with respect to the Class as a whole.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

166.    Plaintiffs re-alleges and incorporates by reference all of the preceding paragraphs and allegations of this Complaint, including the factual allegations, tolling allegations, and class action allegations, as though fully set forth in each of the following Claims for Relief asserted on behalf of the Class.

## FIRST CLAIM FOR RELIEF
### Breach of Implied Warranties
### (Plaintiffs Individually and on Behalf of the Nationwide Class)

167.    Plaintiffs hereby adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

168.    Bosch is a merchant and was at all relevant times involved in the manufacturing, and is the distributor, warrantor, and/or seller of the Microwave/Ovens. Bosch knew or had reason to know of the specific use for which the Microwave/Ovens, as goods, were purchased.

169.    The Microwave/Ovens were at all relevant times a "good."

170.    Bosch entered into agreements with retailers, suppliers, and/or contractors to sell its Microwave/Ovens to be installed at Plaintiffs' and Class Members' homes.

171.    Bosch provided Plaintiffs and Class Members with implied warranties that the Microwave/Ovens were merchantable and fit for the ordinary purposes for which they were used and sold and were not otherwise injurious to consumers.

172.    However, the Microwave/Ovens are not fit for their ordinary purpose of providing reasonably reliable and safe heating of food because, *inter alia*, the Microwaves contain a defect preventing the Product's Control Panel from illuminating properly, making the Panel unusable – and thus, the Product is unusable because consumer cannot ascertain which buttons on the Panel to press in order to select the correct cooking time. Therefore, the Microwave/Ovens are not fit for their particular purpose of safely heating and/or cooking food.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

173.   The problems associated with the Defect are safety risks such that the Microwave/Ovens do not provide safe reliable cooking appliances, and therefore, there is a breach of the implied warranty of merchantability.

174.   Privity is not required because Plaintiffs and each of the members of the Class are the intended beneficiaries of Bosch's warranties and its sale through retailers. The retailers were not intended to be the ultimate consumers of the Microwave/Ovens and have no rights under the warranty agreements provided by Bosch. Bosch's warranties were designed for and intended to benefit the consumer only and Plaintiffs and Class Members were the intended beneficiaries of the Microwave/Ovens.

175.   More specifically, Bosch's manifest intent that its warranties apply to Plaintiffs and consumer Class Members as third-party beneficiaries is evident from the statements contained in its product literature, including its Limited Product Warranty, which specifically states the Microwave/Ovens are to be used "[f]or your normal, household (non-commercial) use, and has in fact at all times only been used for normal household purposes." Likewise, it was reasonably foreseeable that Plaintiffs and consumer Class Members would be the intended beneficiary of the products and warranties.

176.   Bosch impliedly warranted that the Microwave/Ovens were of merchantable quality and fit for such use. These implied warranties included, among other things: (i) a warranty that the Microwave/Ovens manufactured, supplied, distributed, and/or sold by Bosch were safe and reliable for heating food; and (ii) a warranty that the Microwave/Ovens would be fit for their intended use while operated.

177.   Contrary to the applicable implied warranties, the Microwave/Ovens at the time of sale and thereafter, were not fit for their ordinary and intended purpose of providing Plaintiffs and Class Members with reliable, durable, and safe methods of heating food. Instead, the Microwave/Ovens suffer from a defective design and/or manufacture, as alleged herein.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

178.    Bosch's failure to adequately repair or replace the defective Microwave/Ovens has caused the warranty to fail of its essential purpose.

179.    Bosch breached the implied warranties because the Microwave/Ovens were sold with the Defect, which substantially reduced and/or prevented the Microwave/Ovens from being used for safe food preparation.

180.    Moreover, Bosch was put on constructive notice about its breach through its review of consumer complaints described herein, and, upon information and belief, through product testing.

181.    Any efforts to limit the implied warranties in a manner that would exclude coverage of the Microwave/Ovens is unconscionable, and any such effort to disclaim, or otherwise limit, liability for the Microwave/Ovens is null and void.

182.    As a direct and proximate result of the foregoing, Plaintiffs and the Class Members suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## SECOND CLAIM FOR RELIEF
**Breach of Express Warranty**
**(Plaintiffs Individually and on Behalf of the Nationwide Class)**

183.    Plaintiffs hereby adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

184.    At all times referenced herein, Bosch was the "seller" of the Microwave/Ovens.

185.    At all times referenced herein, the Microwave/Ovens were "goods."

186.    In connection with its sale of the Microwave/Ovens, Bosch expressly warranted that they were free from defect at the time of shipping and are suitable for heating food.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

187. The defectively designed Microwave/Ovens are subject to and otherwise covered by Bosch's Limited Product Warranty, which applies to each Product.

188. Each of the Product models has an identical or substantially identical warranty.

189. Bosch was obligated, under the terms of the express warranty to adequately repair or replace the defective Microwave/Ovens for Plaintiffs and Class Members.

190. In its Limited Product Warranty, Bosch warrants "*that the Product is free from defect in materials and workmanship for a period of twelve (12) months from the date of purchase.*"

191. Bosch's warranty representations are made online, on its packaging, through its Use and Care Manual, and its Limited Product Warranty.

192. The express written warranties covering the Microwave/Ovens were a material part of the bargain between Bosch and consumers. At the time it made these express warranties, Bosch knew of the purpose for which the Microwave/Ovens were to be used.

193. Bosch breached the warranty because it improperly and unlawfully denies valid warranty claims, and it has failed or refused to adequately repair or replace the Microwave/Ovens with non-defective units.

194. Bosch further breached its express warranties by selling Microwave/Ovens that were, in actuality, not free of defect, not made from merchantable material and workmanship, unsafe for use, and could not be used for the ordinary purpose of heating food. Bosch breached its express written warranties to Plaintiffs and Class Members in that the Microwave/Ovens are defective at the time they leave the manufacturing plant, and on the first day of purchase, creating a serious safety risk to Plaintiffs and Class Members, and by failing to disclose and actively concealing this risk from consumers.

195.    The limitations and the exclusions in Bosch's Warranty are harsh, oppressive, one-sided, unconscionable and unenforceable, as described *supra*, particularly in light of the fact that Bosch knew that the Microwave/Ovens suffered from the defect described herein.

196.    Any attempt by Bosch to limit or disclaim the express warranty in a manner that would exclude coverage of the defect is unconscionable as a matter of law because the relevant purchase transactions were tainted by Bosch's concealment of material facts. Thus, any such effort to disclaim, or otherwise limit, its liability for the defect is null and void.

197.    Privity is not required because Plaintiffs and each of the members of the Class are the intended beneficiaries of Bosch's warranties and its sale through retailers. The retailers were not intended to be the ultimate consumers of the Microwave/Ovens and have no rights under the warranty agreements provided by Bosch. Bosch's warranties were designed for and intended to benefit the consumer only and Plaintiffs and Class Members were the intended beneficiaries of the Microwave/Ovens.

198.    More specifically, Bosch's manifest intent that its warranties apply to Plaintiffs and consumer Class Members as third-party beneficiaries, is evident from the statements contained in its product literature, including its Limited Product Warranty, which specifically states the Microwave/Ovens are to be used "*[f]or your normal, household (non-commercial) use, and has in fact at all times only been used for normal household purposes.*" Likewise, it was reasonably foreseeable that Plaintiffs and consumer Class Members would be the intended beneficiary of the products and warranties.

199.    Moreover, Bosch was put on constructive notice about its breach through its review of consumer complaints and media reports described herein, and, upon information and belief, through its product testing.

200.    Upon information and belief, Bosch received further notice and has been on notice of the defective nature of the Microwave/Ovens and of its breaches of

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

warranties through customer warranty claims reporting problems with Bosch, consumer complaints at various sources, and its own internal and external testing.

201.    Despite having notice and knowledge of the defective nature of the Microwave/Ovens, Bosch failed to provide any relief to Class Members with Microwave/Ovens more than one (1) year old, failed to provide a non-defective replacement Microwave/Ovens to Plaintiffs and Class Members, and otherwise failed to offer any appropriate repair or compensation from the resulting damages.

202.    Bosch breached its express warranty to adequately repair or replace the Microwave/Ovens despite its knowledge of the Defect, and/or despite its knowledge of alternative designs, materials, and/or options for manufacturing the Microwave/Ovens.

203.    To the extent that Bosch offered to replace the defective Microwave/Ovens, the warranty of replacement fails in its essential purpose given it is insufficient to make Plaintiffs and Class Members whole because the warranty covering the Microwave/Ovens gives Bosch the option to repair or replace the Product, where neither is sufficient. Specifically, in its course of business, Bosch often has opted to provide a replacement Product to complaining consumers; however, the replacement Product, and more specifically, the Control Panel, likewise contains the Defect, resulting in the same safety risks to the owners, and the same or similar damages can occur to the replacement Product and the owner's personal property. Accordingly, recovery by Plaintiffs and Class Members are not restricted to the promises in any written warranties, and they seek all remedies that may be allowed.

204.    Many of the damages resulting from the defective Microwave/Ovens cannot be resolved through the limited remedy of replacement.

205.    Accordingly, recovery by Plaintiffs and Class Members is not limited to the limited warranty of replacement, and they seek all remedies allowed by law.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

206.   Had Plaintiffs, Class Members, and the consuming public known that the Microwave/Ovens were defective, posed an unreasonable risk of harm to themselves and their property, would cause damage, or that Bosch would not properly honor its warranty, they would not have purchased the Microwave/Ovens.

207.   Plaintiffs and Class Members have performed all duties required of them under the terms of the express warranty, except as may have been excused or prevented through the conduct of Bosch or by operation of law in light of Bosch's conduct described throughout this Complaint.

208.   Bosch has received timely, direct and constructive notice regarding the problems at issue in this litigation, and notwithstanding, Bosch has failed and refused to offer an effective remedy.

209.   As a direct and proximate result of Bosch's breach of its express written warranties, Plaintiffs and Class Members have suffered damages and did not receive the benefit of the bargain and are entitled to recover compensatory damages, including, but not limited to the cost of inspection, repair and diminution in value. Plaintiffs and Class Members suffered damages at the point of sale stemming from their overpayment for the defective Microwave/Ovens, in addition to loss of the Product and its intended benefits.

## THIRD CLAIM FOR RELIEF
## (IN THE ALTERNATIVE)
**Breach of Contract/Breach of Common Law Warranty**
**(Plaintiffs Individually and on Behalf of the Nationwide Class)**

210.   Plaintiffs hereby adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

211.   To the extent Bosch's commitment is deemed not to be a warranty under the Uniform Commercial Code or common law, Plaintiffs plead in the alternative under common law warranty and contract law.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

212.    Plaintiffs and Class Members purchased the Microwave/Ovens from Bosch or through retailers such as Best Buy, Home Depot, Lowe's, Amazon, and other appliance stores and authorized retailers.

213.    Bosch expressly warranted that the Microwave/Ovens were fit for their intended purpose and that they were free of defects, suitable for safe heating of food.

214.    Bosch made the foregoing express representations and warranties to all consumers, which became the basis of the bargain between Plaintiffs, Class Members, and Bosch.

215.    Bosch breached the warranties and/or contract obligations by placing the defective Microwave/Ovens into the stream of commerce and selling them to consumers, when it knew the Microwave/Ovens contained Defect, were prone to premature failure, and did not safely heat food. These deficiencies substantially and/or completely impair the use and value of the Microwave/Ovens.

216.    The deficiencies described existed when the Microwave/Ovens left Bosch's possession or control and were sold to Plaintiffs and Class Members. The deficiencies and impairment of the use and value of the Microwave/Ovens were not discoverable by Plaintiffs or Class Members at the time of the purchase of the Microwave/Ovens.

217.    As a direct and proximate cause of Bosch's breach of contract, Plaintiffs and Class Members were harmed because they would not have purchased the Microwave/Ovens if they knew the truth about the defective condition of the Microwave/Ovens.

          MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

## FOURTH CLAIM FOR RELIEF
### (IN THE ALTERNATIVE)
### Unjust Enrichment
### (Plaintiffs Individually and on Behalf of the Nationwide Class)

218.   Plaintiffs hereby adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

219.   This alternative claim is asserted on behalf of Plaintiffs and Class Members to the extent there is any determination that any contracts between Class Members and Bosch do not govern the subject matter of the disputes with Bosch, or that Plaintiffs do not have standing to assert any contractual claims against Bosch.

220.   Plaintiffs and Class Members conferred a monetary benefit on Bosch, and Bosch had knowledge of this benefit. The average price paid by Plaintiffs and Class Members for the Microwave/Ovens was more than $2000.00, and the average price paid by Plaintiffs and Class Members for repair or replacement was approximately $400.00.

221.   By its wrongful acts and omissions described herein, including selling the defective Microwave/Ovens, Bosch was unjustly enriched at the expense of Plaintiffs and Class Members.

222.   Plaintiffs' and Class Members' detriment and Bosch's enrichment were related to and flowed from the wrongful conduct alleged in this Complaint.

223.   It would be inequitable for Bosch to retain the profits, benefits, and other compensation obtained from its wrongful conduct as described herein in connection with selling the defective Microwave/Ovens.

224.   Plaintiffs and Class Members seek restitution from Bosch and an order of this Court proportionally disgorging all profits, benefits, and other compensation obtained by Bosch from its wrongful conduct and establishing a constructive trust from which Plaintiffs and Class Members may seek restitution.

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

# FIFTH CLAIM FOR RELIEF
## FRAUDULENT CONCEALMENT
### (Plaintiffs Individually and on Behalf of the Nationwide Class)

225.    Plaintiffs hereby adopt and incorporate by reference all foregoing allegations as though fully set forth herein.

226.    Bosch knew or should have known that the Microwave/Ovens were defective in design and manufacture, were not fit for their ordinary and intended use, and failed to perform in accordance with advertisements, marketing materials and warranties disseminated by Bosch, and with the reasonable expectations of ordinary consumers.

227.    Bosch fraudulently concealed from and/or intentionally failed to disclose to Plaintiffs and the Class that the Microwave/Ovens are defective, would prematurely fail, and that the damages were not the result of mishandling or installation errors.

228.    Bosch had exclusive knowledge of the defective nature of the Microwave/Ovens at the time of sale and at all other relevant times. The Defect is latent and not something that Plaintiffs or Class Members, in the exercise of reasonable diligence, could have discovered independently prior to purchase.

229.    Bosch had the capacity to, and did, deceive Plaintiffs and Class Members into believing that they were purchasing Microwave/Ovens or homes with Microwave/Ovens free from defects.

230.    Bosch undertook active and ongoing steps to conceal the Defect. Plaintiffs are not aware of anything in Bosch's advertising, publicity, or marketing materials that disclosed the truth about the Defect, despite Bosch's awareness of the problem.

231.    The facts concealed and/or not disclosed by Bosch to Plaintiffs and Class Members are material facts in that a reasonable person would have considered them

MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC
5301 CANAL BOULEVARD, NEW ORLEANS, LA 70124
T: 985-783-6789

important in deciding whether to purchase (or to pay the same price for) the Microwave/Ovens.

232.   Bosch intentionally concealed and/or failed to disclose material factors for the purpose of inducing Plaintiffs and the Class to act thereon.

233.   Plaintiffs and the Class justifiably acted or relied upon the concealed and/or nondisclosed facts to their detriment, as evidenced by their purchase of the Microwave/Ovens.

234.   Plaintiffs and Class Members suffered a loss of money in an amount to be proven at trial, *inter alia*, as a result of Bosch's fraudulent concealment and nondisclosure because: (a) they would not have purchased the Microwave/Ovens on the same terms if the true facts concerning the defective Microwave/Ovens had been known; (b) they would not have paid a price premium for the Microwave/Ovens if they knew of the Defect and that the Microwave/Ovens were likely to fail prematurely; and (c) the Microwave/Ovens did not perform as promised.

235.   Had Plaintiffs, Class Members, and the consuming public known that the Microwave/Ovens were defective or would cause damage, they would not have purchased the Microwave/Ovens or would have paid less for them.

236.   By reason of the foregoing, Plaintiffs and Class Members suffered, and continue to suffer damage and injury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully requests that this Court:

A.  Certify the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.  Name Plaintiffs as Class Representative of the respective Class;

C.  Name Plaintiffs' counsel as Class Counsel for the Class;

D.  Award damages, including compensatory, exemplary, and statutory damages, to Plaintiffs and the Class in an amount to be determined at trial;

E.  Grant restitution to Plaintiffs and the Class and require Bosch to disgorge its ill-gotten gains;

F.  Permanently enjoin Bosch from engaging in the wrongful and unlawful conduct alleged herein;

G.  Award Plaintiffs and the Class their expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

H.  Award Plaintiffs and the Class pre-judgment and post-judgment interest at the highest legal rate to the extent provided by law; and

I.  Award such further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:  April 7, 2023                    Respectfully submitted,

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

/s/ *Andrew A. Lemmon*
Andrew A. Lemmon
5301 Canal Boulevard
New Orleans, LA 70124
T: 985-783-6789
F: 985-783-1333
alemmon@milberg.com

Harper T. Segui*
825 Lowcountry Blvd., Suite 101
Mount Pleasant, SC 29464
T: 919-600-5000
hsegui@milberg.com

Rachel Soffin*
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049
rsoffin@milberg.com

Erin Ruben*
900 W. Morgan St.
Raleigh, NC 27603
T: 865-247-0080
F: 865-522-0049
eruben@milberg.com

Thomas A. Pacheco*
900 W. Morgan St.
Raleigh, NC 27603
T: 212-946-9305
F: 865-522-0049
tpacheco@milberg.com

*Motion to be admitted *pro hac vice* forthcoming.