# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ELIZABETH PETERSON, AMANDA CARLTON, REBECCA HIRSCH, MICHELE O'DELL, and PRASANNA RAMAKRISHNAN, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>BSH HOME APPLIANCES CORPORATION,<br><br>  Defendant. | Case No. 2:23-cv-00543-RAJ<br><br>~~PROPOSED~~ ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

THIS MATTER is before the Court on the Parties' application, pursuant to Rules 23(a), 23(b)(3), and 23(e) of the Federal Rules of Civil Procedure, for entry of an order preliminarily approving the settlement of this action pursuant to the settlement agreement fully executed on December 7th, 2023 (the "Settlement Agreement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed settlement of the Action and dismissal of the Action with prejudice. The Court has read and considered the Settlement Agreement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, and the argument of counsel as the record may reflect.

**NOW, THEREFORE, IT IS ON THIS 25TH DAY OF JANUARY, 2024, ORDERED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement.

2. The Court preliminarily approves the Settlement as being within the realm of reasonableness to the Settlement Class, subject to further consideration at the Final Approval Hearing described below.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class as follows:

> all persons in the United States and its territories who either (a) purchased a new Class Product, or (b) acquired a new Class Product as part of the purchase or remodel of a home, or (c) received as a gift, from a donor meeting those requirements, a new Class Product not used by the donor or by anyone else after the donor purchased the Class Product and before the donor gave the Class Product to the Settlement Class Member, during the Class Period.

4. Excluded from the Settlement Class are:

> (i) officers, directors, and employees of Bosch or its parents, subsidiaries, or affiliates, (ii) insurers of Settlement Class Members, (iii) subrogees or all entities claiming to be subrogated to the rights of a Class Product purchaser, a Class Product owner, or a Settlement Class Member, (iv) persons who acquired an other-than-new Class Product, (v) issuers or providers of extended warranties or service contracts for Class Products, and (vi) persons who timely and validly exercise their right to be removed from the Settlement class.

5. The Court appoints Harper Segui, Rachel Soffin, Erin Ruben, and Thomas Pacheco of Milberg Coleman Bryson Phillips Grossman, LLC as Settlement Class Counsel for the Settlement Class. Any Settlement Class Member may enter an appearance in the action, at his, her, or its own expense, either individually or through counsel. However, if they do not enter an appearance, they will be represented by Settlement Class Counsel.

6. The Court appoints Plaintiffs Elizabeth Peterson, Amanda Carlton, Rebecca Hirsch, Michele O'Dell, and Prasanna Ramakrishnan as Settlement Class Representatives.

7. The Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class; (d) the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class and will continue to do so; and (e) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy. The Court preliminarily finds that certification of the Settlement Class is appropriate when balanced against the risks relating to further litigation. It further appears that extensive and costly investigation, research, and discovery have been conducted such that the attorneys for the parties are reasonably able to evaluate the benefits of settlement, which will avoid substantial additional costs to the parties and reduce delay and risks associated with this action. It further appears that the Settlement has been reached as a result of intensive, arm's-length negotiations using an experienced third-party neutral.

8. The Court approves the form and content of the Settlement Class Notice (Exhibit 4 to the Settlement Agreement) and Claim Form (Exhibit 2 to the Settlement Agreement). The Court finds that the emailing of the Settlement Class Notice or sending via mail in the manner set forth in the Settlement Agreement, as well as the establishment of a settlement website, toll-free number, and digital notice campaign satisfies due process. The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Settlement Class Members entitled

to Settlement Class Notice. The Court authorizes the Parties to make non-material modifications to the Settlement Class Notice and Claim Form prior to publication if they jointly agree that any such changes are appropriate.

9. The Court directs that, if they have not already done so, Defendant's Counsel through CPT shall provide notice under the Class Action Fairness Act, 28 U.S.C. § 1715 to the States' Attorneys General within ten (10) days from the date of this Order.

10. The Court appoints CPT Group as the Claims Administrator. The Claims Administrator is directed to perform all settlement administration duties set out in the Settlement Agreement, including:

   a. Disseminate the Summary Notice by email if available or mail if email is not available;

   b. Establish the Settlement Website with the Settlement Agreement, FAQ, and other information that Bosch and Class Counsel jointly agree to post concerning the nature of the case and the status of the Settlement, including relevant pleadings such as the operative Complaint, papers in support of preliminary and final approval of the Settlement, and Class Counsel's Fee Petition, plus relevant orders of the Court;

   c. Establish a toll-free telephone number that Class Members can call to request hard copies of the Claim Forms and FAQ be sent to them by mail and obtain additional information regarding the Settlement. This should be accomplished before mailing the Settlement Notice or publishing Publication Notice.

   d. Receive, evaluate, and either approve completed Claim Forms sent by Persons seeking to receive compensation as meeting the requirements of the Agreement or disapprove as failing to meet those requirements, including claims for Past Display Failures and claims for Future Display Failures;

   e. Subject to the provisions of Section V(D) of this Agreement, 35 days before mailing Notices of Claim Denial, provide to Bosch and Class Counsel (i) a list of the names and addresses of all Settlement Class Members who have submitted Claim

Forms and whose Claim Forms the Settlement Administrator has determined to be Valid Claims; and (ii) a separate list of the names and addresses of all Persons who have submitted Claim Forms and whose Claim Forms the Settlement Administrator has determined not to be Valid Claims, by category of benefit. Bosch and Class Counsel shall then have an opportunity to review the Valid Claims and the Notices of Claim Denial and request a meet and confer should they decide to challenge any Valid Claims or Notices of Claim Denial. In the event Class Counsel challenges a Notice of Claim Denial, that Notice shall not be sent to the Class Member until Class Counsel and counsel for Defendant meet and confer to arrive at a resolution, which must occur within at least 28 days of the Settlement Administrator's provision of the lists described above to Class Counsel and counsel for Defendant. Legitimate grounds for Bosch and Class Counsel to challenge a claim shall include, but are not limited to, inadequate documentation and inconsistency with Bosch's records, all of which is subject to Section V(D) below discussing the Class Member's opportunity to cure a deficiency with their claim.

f.   Effect Publication Notice through appropriate media for the Settlement Class.

g.   Send, by email if available or mail if email is not available, to each Person who has submitted a Claim Form that the Settlement Administrator has determined not to be a Valid Claim, and which has not been challenged by Class Counsel, a Notice of Claim Denial or a notice of claim deficiency.

h.   Process requests for exclusion from the Settlement in accordance with this Agreement;

i.   Process objections to the Settlement in accordance with this Agreement;

j.   Within 35 days after the payment of all Valid Claims for monetary compensation by the Settlement Administrator, provide to Bosch and Class Counsel, under penalty of perjury, a statement of the total number of claims submitted (in total and by category of benefit), the total number of claims adjudicated as Valid Claims (in

total and by category of benefit), and the total dollar amount paid to Settlement Class Members (in total and by category of benefit).

 k. Process Future Display Failure claims following the same procedures as set forth in (d) and (e) above, and providing the reports and related information set forth in those provisions to Bosch every 35 days to address Future Display Failures on a rolling basis through the last qualifying date.

11. Any Settlement Class Members who do not wish to participate in the Settlement Class may ask to be excluded. All requests to be excluded from the Settlement Class must be in writing, sent to the Claims Administrator at the addresses set forth in the Settlement Class Notice, and postmarked on or before the Opt-Out Deadline, which is April 25, 2024 (ninety-one (91) days after the date of this Order).

 a. Any request for exclusion must include the Class Member's name, email address, and mailing address together with the model number and serial number of their Class Product. To be valid, Requests for Exclusion must be individually signed by each Class Member wishing to be excluded, and must be submitted to the Settlement Administrator individually.

12. Any Settlement Class Member who has not previously submitted a Request for Exclusion may object to the Settlement and appear at the Final Approval Hearing to support or oppose the approval of the Settlement Agreement.

 a. The following information must be provided in the Settlement Class Member's written objection:

  i. Objections must be in writing, stating the basis of the objection. Objections must also be served on Class Counsel and counsel for Bosch by the stated deadline.

  ii. Any objections must include (A) the Class Member's full name and current address and telephone number; (B) the model number and serial number of the Class Product the Class Member owns or owned; (C) a description of all

-6-
[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 2:23-cv-00543-RAJ

of the Class Member's objections, the specific reasons therefore, and any and all supporting papers, including, without limitation, all briefs, written evidence, and declarations; and (D) the Class Member's signature.

   iii. Class Members submitting objections who wish to appear either personally or through counsel at the Fairness Hearing and present their objections to the Court orally must include a written statement of intent to appear at the Fairness Hearing in the manner prescribed by the Notice. Only Class Members who specify in their objections that they intend to appear personally or through counsel at the Fairness Hearing will have the right to present their objections orally at the Fairness Hearing. Settlement Class Members who do not submit timely written objections will not be permitted to present their objections at the Fairness Hearing.

  b. All objections and requests to appear at the Final Approval Hearing must be in writing, sent to the Court and to counsel for the Parties. All objections and requests to appear must be received or postmarked on or before April 25, 2024 (ninety-one (91) days after the date of this Order).

13. Any Settlement Class Member who does not object in the manner provided in this Order shall be deemed to have waived such objections and shall forever be foreclosed from objecting to the fairness, reasonableness, or adequacy of the proposed settlement and any judgment approving the settlement.

14. Settlement Class Counsel shall file their motion for an award of attorneys' fees, inclusive of costs, expenses, and Settlement Class Representative Service Payments, by May 9, 2024 (one hundred five (105) days after the date of this Order).

15. Settlement Class Counsel shall file their Final Approval Motion by May 9, 2024 (one hundred five (105) days after the date of this Order).

16. Defendant shall, on May 2, 2024, file with the Court a declaration from the Claims Administrator which contains a list of the names and addresses of the members of the Settlement Class who have requested to be excluded.

17. The Court hereby schedules the Final Approval Hearing for June 13, 2024.  The Final Approval Hearing will take place in the United States District Court for the Western District of Washington, 700 Stewart Street, Suite 13128, Seattle, WA 98101, at a time specified by the Court to determine whether the proposed Settlement should be approved as fair, adequate, and reasonable, and whether a judgment should be entered approving the Settlement, and whether Settlement Class Counsel's application for attorneys' fees, expenses and Settlement Class Representative Service Payments should be approved.  The Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members.

18. Settlement Class Members shall have 180 days after the Notice Date to submit Claim Forms.  Claim Forms must be postmarked by that date to be considered timely.

19. This order preliminarily certifying the Settlement Class and preliminarily approving the proposed Settlement Agreement triggers a series of events designed to inform absent Class Members about the Order. The Court adopts the parties' agreed-upon schedule detailed in Plaintiff's motion. *See* Dkt. # 20 at 29-30.

DATED this the 25th day of January, 2024.

_____
The Honorable Richard A. Jones
United States District Judge