1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

12  | ELIZABETH PETERSON, AMANDA
13  | CARLTON, REBECCA HIRSCH,
    | MICHELE O'DELL, and PRASANNA
14  | RAMAKRISHNAN, individually and on
    | behalf of all others similarly situated,
15
16  |              Plaintiffs,
17  |       v.
18  | BSH HOME APPLIANCES
    | CORPORATION,
19
20  |              Defendant.
21
22
23
24

Case No. 2:23-cv-00543

**JOINT DECLARATION OF**
**SETTLEMENT CLASS COUNSEL**
**IN SUPPORT OF PLAINTIFFS'**
**UNOPPOSED MOTIONS AND**
**MEMORANDA OF LAW IN**
**SUPPORT OF FINAL APPROVAL**
**OF CLASS ACTION**
**SETTLEMENT AND**
**APPLICATION FOR**
**ATTORNEYS' FEES, COSTS, AND**
**SERVICE AWARDS TO**
**REPRESENTATIVE PLAINTIFFS**

25
26
27
28

This declaration is being submitted by Harper T. Segui, Rachel L. Soffin, Erin J. Ruben, and Thomas A. Pacheco of Milberg Coleman Bryson Phillips Grossman LLC ("Settlement Class Counsel"). We offer this declaration in support of both Plaintiffs' Unopposed Motion and Memorandum of Law in Support of Final Approval of Class Action Settlement (the "Final Approval Motion"), and Plaintiffs' Motion and Memorandum of Law in Support of Application for Attorneys' Fees, Costs, and Service Awards to Representative Plaintiffs ("Fee Motion").[1] We each have personal knowledge of the facts set forth in this declaration and could testify competently as to these facts if called upon to do so.

## SETTLEMENT CLASS COUNSEL

1.     Class Counsel Harper T. Segui, Rachel L. Soffin, Erin J. Ruben, and Thomas A. Pacheco have significant experience in litigation, certification, trial, settlement, and appeal of national class actions, including numerous claims against appliance and product manufacturers, and have recovered hundreds of millions of dollars for the classes they have represented. The experience, resources, and knowledge Settlement Class Counsel brings to this Action is extensive and formidable. *See* Exhibit A (collectively Resumes of Harper T. Segui, Rachel L. Soffin, and Milberg Coleman Bryson Phillips Grossman, LLC ("Milberg").

2.     **Harper T. Segui.** Ms. Segui is a Senior Partner at Milberg. In her nearly 18 years of practice, Ms. Segui has represented plaintiffs in a wide variety of cases nationally, spending the majority of her career leading class actions and complex litigation. In addition to serving as lead counsel in this litigation, Ms. Segui is currently serving as Co-Lead Counsel in *In Re: Blackbaud, Inc., Customer Data Breach Litig.*, 3:20-mn-02972, MDL No. 2972 (D.S.C.) (Hon. Joseph F. Anderson), and was appointed as Co-Lead Counsel in *In re: All-Clad Metalcrafters, LLC, Cookware Mktg. and*

---

[1] The definitions and capitalized terms in Plaintiffs' Unopposed Motion and Memorandum of Law in Support of Final Approval of Class Action Settlement and Plaintiffs' Unopposed Motion and Memorandum of Law in Support of Application for Attorneys' Fee, Costs, and Service Awards for Representative Plaintiffs. and Fee Application are hereby incorporated as though fully set forth in this Declaration and shall have the same meanings attributed to them in those documents.

JOINT DECLARATION OF SETTLEMENT CLASS COUNSEL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS TO REPRESENTATIVE PLAINTIFFS
CASE NO. 2:23-cv-00543

1  *Sales Practices Litig.*, 2:21-mc-00491, MDL No. 2988 (W.D. Pa.) (Hon. J. Nicholas Ranjan). She was

2  previously appointed to the Plaintiffs' Steering Committee in *In Re: Windsor Wood Clad Windows*

3  *Prods. Liab. Litig.*, 16-md-02668, MDL No. 2688 (E.D. Wis.) (Hon. Lynn S. Adelman) and *In Re:*

4  *Allura Fiber Cement Siding Litig.*, 2:19-mn-02886 (D.S.C.) (Hon. David C. Norton), where she is

5  serving a vital role as settlement class counsel. She also played essential supporting roles in *In Re: MI*

6  *Windows and Doors, Inc, Prods. Liab. Litig.*, 2:12-mn-00001, MDL No. 2333 (D.S.C.) (Hon. David

7  C. Norton); *In Re: Pella Corp. Architect and Designer Series Windows, Mktg., Sales Practices and*

8  *Prods. Liab. Litig.*, 2:14-mn-00001, MDL No. 2514 (D.S.C.) (Hon. David C. Norton); *In Re: Atlas*

9  *Roofing Corp. Chalet Shingle Prods. Liab. Litig.*, 1:13-md-02495 (N.D. Ga.) (Hon. Thomas W.

10  Thrash, Jr.); and *Hamm v. Sharp Elecs. Corp.*, 5-19-cv-00488-JSM-PRL (S.D. Fla) (over $100 million

11  value settlement in action involving allegedly defective microwaves).

12       3.     Ms. Segui has co-authored several articles related to product defect liability and has

13  been a speaker in multiple national continuing legal education conferences on complex class action

14  litigation topics. Since 2013, she has been regularly selected to Super Lawyers Rising Stars, as a Top-

15  Rated Class Action & Mass Torts Attorney. In addition, Ms. Segui is a Practice Leader in the Milberg

16  Consumer Products Group.

17       4.     **Rachel L. Soffin.**  Ms. Soffin is a Senior Partner at Milberg and has been litigating

18  complex actions for 18 years, with an exclusive focus on consumer class actions and product defect

19  litigation for the last 14 years. Throughout her career, Ms. Soffin has represented consumers and

20  served as class counsel in numerous successful MDLs and class actions, including in *Hamm v. Sharp*

21  *Elecs. Corp.*, 5-19-cv-00488 (S.D. Fla.) (over $100 million value settlement in action involving

22  allegedly defective microwaves); *Berman et al v. Gen. Motors LLC*, No. 2:18-cv-14371 (S.D. Fla.)

23  ($40 million value settlement in action involving allegedly defective automobiles); *De Leon v. Bank*

24  *of Am., N.A. (USA)*, No. 6:09-cv-01251 (M.D. Fla.) ($10 million settlement for consumers subjected

25  to breach of their Cardholder Agreement and deceptive trade practices); *Swift v. Bank of Am.*, No.

26  3:14-cv-01539 (M.D. Fla) ($1 million settlement for consumers subjected to TCPA violations); *In Re:*

27
28

-3-

JOINT DECLARATION OF SETTLEMENT CLASS COUNSEL IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION AND MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF APPLICATION
FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS TO REPRESENTATIVE PLAINTIFFS
CASE NO. 2:23-cv-00543

1   *Horizon Organic Milk Plus DHA Omega-3 Mktg. and Sales Practice Litig.*, 1:12-MD-02324 (S.D.

2   Fla.) ($1.3 million settlement value for consumers subjected to deceptive trade practices involving

3   product misrepresentations); *In Re: Tracfone Unlimited Serv. Plan Litig.*, No. 13-cv-03440 (N.D. Cal)

4   ($40 million settlement for consumers subjected to deceptive cellular phone data plan practices).

5   　　　　5.　　Currently, in addition to her appointment in this litigation, Ms. Soffin serves as court-

6   appointed Co-Lead Counsel in the deceptive representations and omissions pet collar product liability

7   litigation: *Seresto Flea and Tick Collar Mktg., Sales Practices and Prod. Liab. Litig.*, No. 1:21-cv-

8   04447 (N.D. Ill.) (Hon. John R. Blakey) and in *In re: All-Clad Metalcrafters, LLC, Cookware*

9   *Mktg.and Sales Practices Litig.*, 2:21-mc-00491, MDL No. 2988 (W.D. Pa.) (Hon. J. Nicholas

10   Ranjan).  Ms. Soffin also serves as court-appointed counsel on the Plaintiffs' Steering Committee in

11   litigation involving defective breast implants, *In re: Allergan Biocell Textured Breast Implant Prod.*

12   *Liab. Litig.*, 2:19-md-02921-BRM-ESK (D.N.J.) (Hon. Brian R. Martinotti). Ms. Soffin was

13   designated by Super Lawyers as a Florida Rising Star from 2011- 2013, and as a Florida Super Lawyer

14   from 2014-2018, 2022, in the fields of Class Actions and Mass Torts. In addition, Ms. Soffin is a

15   Practice Leader in the Milberg Consumer Products Group.

16   　　　　6.　　**Erin J. Ruben.** Ms. Ruben is a Partner at Milberg and a member of Milberg's

17   Consumer Products Group. Ms. Ruben's practice is focused primarily on consumer products litigation,

18   where she represents individuals in actions related to defective products, false advertising, and

19   mislabeling. She specializes in cases related to the false advertising and mislabeling of beauty and

20   personal care products, including claims related to undisclosed chemicals. Notably, Ms. Ruben has

21   pioneered litigation related to the presence of Per-and polyfluoroalkyl substances ("PFAS") in

22   consumer products, representing plaintiffs in *Dickens, et al. v. Thinx Inc.*, No. 1:22-cv-04286-JMF,

23   ECF No. 57 (S.D.N.Y.)—the first consumer class action related to the false advertising of products

24   containing Per-and polyfluoroalkyl substances ("PFAS"). Ms. Ruben also represents victims of data

25   breach, including those who have experienced the theft or misuse of their biometric data. Ms. Ruben

26   has been privileged to work on various MDLs, including taking an active role *In Re: Blackbaud, Inc.,*

27

28

-4-

*Customer Data Breach Litig.*, 3:20-mn-02972, MDL No. 2972 (D.S.C.) (Hon. Joseph F. Anderson), a data privacy MDL. Ms. Ruben has been appointed as Class Counsel in several class action cases, including *Thinx* and *Evans, et al. v. Church & Dwight Co., Inc.,* No. 22-CV-6301 (N.D.Ill.) (class action related to deceptively labeled dry shampoo products).

7.     **Thomas A. Pacheco.** Mr. Pacheco is a Senior Associate at Milberg and a member of Milberg's Consumer Products Group.  Of his nearly 7 years spent practicing as a litigator, more than 2.5 years have been spent on consumer class actions.  Mr. Pacheco's practice is primarily focused on consumer products litigation, where he represents individuals in actions related to defective products, false advertising, and mislabeling.  Notably, Mr. Pacheco served as class counsel in *Johnson v. Tidewater Fin. Co.*, No. 1:22-cv-01656 (D. Md.) (Hon. Richard D. Bennett).  Further, Mr. Pacheco has been privileged to work on various MDLs, including taking an active role *In re: Blackbaud, Inc., Customer Data Breach Litig.*, 3:20-mn-02972, MDL No. 2972 (D.S.C.), a data privacy MDL, and the product defect MDLs, *In re: Generac Solar Power Sys. Mktg. Sales Practices and Prods. Liab. Litig.*, No. 2:23-md-03078, MDL No. 3078 (E.D. Wis.) (Hon. Lynn S. Adelman) and *In re: All-Clad Metalcrafters, LLC, Cookware Mktg. and Sales Practices Litig.*, 2:21-mc-00491, MDL No. 2988 (W.D. Pa.) (Hon. J. Nicholas Ranjan).

8.     Ms. Segui and Ms. Soffin, Ms. Ruben, and Mr. Pacheco as Class Counsel, have been personally involved in the litigation against Defendant since its inception. Class Counsel has devoted substantial time and resources to this Action. All the investigation, litigation and settlement activities described herein, and the various pleadings filed via ECF were handled by attorneys and staff members from Milberg.  The chart below summarizes the hours expended during this action by the attorneys and staff involved in the case to date.

### BACKGROUND AND RELEVANT PROCEDURAL HISTORY

9.     In July of 2020, Plaintiffs' Counsel ("Proposed Class Counsel") was contacted by various consumers who had purchased certain Bosch microwave and/or combo ovens equipped with vacuum fluorescent display ("VFD") control panels, specifically Model Numbers HBL5751UC,

HBL8751UC, HBLP751UC, HMC80151UC, HMC80251UC, and HMC87151UC (the "Class Products" or the "Microwave/Ovens").

10.     Those consumers explained their Microwave/Oven displays, and by extension their Microwave/Ovens, had become unusable for their intended use.  Further research by Proposed Class Counsel revealed that consumers around the United States widely reported that the VFD control panels ("Control Panels") fade, dim, become unreadable, and/or fail altogether for reasons other than consumer misuse ("Display Failure").

11.     Consequently, in July of 2020, Proposed Class Counsel retained a well-qualified engineering expert consultant to provide an investigation into what was causing the Display Failure and thus the litigation began.[2]

12.     Plaintiffs' expert subsequently began researching the Class Products, industry standards, specifications, and related materials. The expert also procured new and used electrical boards for the Control Panels, created testing schematics for testing the electrical components of the Control Panels, testing the panels, took various measurements and readings, and reached a conclusion as to the cause of the Display Failures. This investigation took approximately 10 months and accounted for 36.5 hours over the span of eight months.

13.     In conjunction with this investigation, Proposed Class Counsel interviewed numerous Microwave/Oven owners and researched the design and manufacture of the Microwave/Ovens and the possible root cause of the Display Failure.  Proposed Class Counsel also gathered and reviewed significant documents, photographs, and videos pertaining to Microwave/Ovens, along with warranties and use and care manuals.

---

[2] It was previously indicated in Class Counsel's Motion for Preliminary Approval that the litigation has been on-going for approximately 2.5 years, but this was based on the filing of the original complaint on August 17, 2021.  However, the first-time entry for this matter and the true inception of this litigation was, in fact, July 14, 2020.  Accordingly, Class Counsel's work in this litigation will have been ongoing for 4 years as of the date of the Final Approval hearing.

JOINT DECLARATION OF SETTLEMENT CLASS COUNSEL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS TO REPRESENTATIVE PLAINTIFFS
CASE NO. 2:23-cv-00543

14.     When speaking to consumers, Class Counsel further learned that when consumers sought to replace the Control Panels which suffered from a Display Failure, the replacements also failed in the same manner.  Those whose Control Panels were out of warranty have faced costs of $400 on average for repair or replacement.

15.     Class Counsel began working with engineers in July of 2020 to investigate the cause of the Display Failures. Since that time and until settlement, the engineers also provided ongoing assistance to Class Counsel during litigation, including preparing for discovery and providing insights which assisted with settlement. The expert investigation and analysis were essential to Class Counsel's ability to identify the alleged Defect and analyze the nature of Bosch's conduct and potential claims and remedies, as well as to craft the technical discovery requests posed to Bosch during contested litigation.

16.     Class Counsel spent an entire year analyzing information regarding the alleged Defect before they were satisfied that the alleged Defect had been properly identified, was actionable, and was appropriate for class action application. Class Counsel also expended significant resources researching and developing the legal claims at issue.

17.     Class Counsel is familiar with the claims as they have litigated and resolved cases with similar product defect and false advertising factual and legal issues.  Class Counsel has experience in understanding the remedies and damages at issue, as well as what information is critical in determining class membership.

18.     Following the conclusion of the initial expert investigation, undersigned Proposed Class Counsel initiated a class action against Defendant in California alleging that the Microwave/Ovens were designed, manufactured, distributed, marketed, and sold with the Defect.

19.     On August 17, 2021, Plaintiffs O'Dell, Hirsch, Carlton, and Ramakrishnan filed the first Class Action Complaint against Bosch in the Central District of California, *see Hirsch v. BSH Home Appliance Corp.*, Case No. 8:21-cv-1355 ("*Hirsch* Action").

JOINT DECLARATION OF SETTLEMENT CLASS COUNSEL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS TO REPRESENTATIVE PLAINTIFFS
CASE NO. 2:23-cv-00543

20.     Bosch filed its Motion to Dismiss on February 3, 2022, which Plaintiffs opposed on March 7, 2022 and Bosch replied on March 28, 2022.  The Court issued an order granting in part and denying in part Bosch's Motion to Dismiss and provided Plaintiffs until August 15, 2022 to file an amended complaint.

21.     Plaintiffs did not file an amended complaint and instead, the Parties filed a joint Rule 26(f) Report on August 5, 2022.

22.     During this time, the Parties continued to engage in discovery, including service of Plaintiffs' First Set of Interrogatories to Defendant BSH Home Appliances Corporation and Plaintiffs' First Set of Requests for Product of Documents to Defendant BSH Home Appliances Corporation in August 2022.

23.     Although the Parties engaged in informal settlement discussions, they agreed to conduct a private mediation after the Court ruled on Bosch's Motion to Dismiss, which would assist the Parties in further evaluating settlement and in reaching a resolution of outstanding issues. The Parties agreed to mediate this action with the Hon. Wayne R. Andersen (Ret.), a highly skilled and experienced class action mediator with JAMS.

24.     Prior to mediation, the Parties exchanged important documents pursuant to Fed. R. Evid. 408, as well as provided detailed mediation statements to Judge Andersen. Additionally, the Plaintiffs made a detailed demand to establish what the framework for settlement would look like and identify key issues to resolve with the assistance of Judge Andersen.

25.     The Parties attended mediation on November 29, 2022, during which time they exchanged relevant informal discovery, much of which was subject to Plaintiffs' formal discovery requests, to assist with structuring a settlement as well as an agreement to a settlement in principle.

26.     Since the initiation of this matter, the Parties filed one Joint Report in the *Hirsch* Action (August 5, 2022 (Dkt. No. 36)) and five in the present case (July 31, 2023 (Dkt. No. 14), September 22, 2023 (Dkt. No. 15), October 20, 2023 (Dkt. No. 16), November 3, 2023 (Dkt. No. 17), and November 17, 2023 (Dkt. No. 18)). The Parties also filed eight stipulations in the *Hirsch* Action

-8-

(December 28, 2021 (Dkt. No. 17, Stipulation for Extending Time to Answer the Complaint), February 9, 2022 (Dkt. No. 20, Stipulation for Extension of Time to File Response), March 28, 2022 (Dkt. No. 27, Stipulation to Continue Hearing Date on Motion to Dismiss), August 18, 2022 (Dkt. No. 40, Joint Stipulation for Stay), September 6, 2022 (Dkt. Nos. 43, Stipulation for Protective Order, and 44, Stipulation Extending Time to Answer the Complaint), November 16, 2022 (Dkt. No. 49, Joint Stipulation to Continue Deadlines), and April 3, 2023 (Dkt. No. 51, Joint Stipulation to Dismiss Case)) and one in the present case (June 27, 2023 (Dkt. No. 27)).

27.    If the Parties had not negotiated a settlement, the Parties would have continued litigating this matter.  Although Plaintiffs were confident they would succeed in the litigation, the outcome of class certification and additional rulings would be uncertain and would further delay any relief for Plaintiffs as well as risk the loss of some or all of the relief Plaintiffs sought.

28.    Similarly, the Parties would have had to continue to pay expert witnesses and technical consultants, as well as expend substantial time devoted to briefing Plaintiffs' motions for class certification, *Daubert* motions, and summary judgment motions, preparing for and conducting trial, post-trial motion practice, and likely appeals.

29.    Absent a settlement, the final resolution of this litigation through the trial process would undoubtedly take years of protracted, adversarial litigation and appeals, which would delay relief to tens of thousands of Settlement Class Members and consume significant resources. Even if Plaintiffs prevailed at each of these stages, in the absence of a settlement, the overall procedural process would have taken years.

30.    As a result of extensive expert investigation, as well as independent investigation of Class Counsel regarding the Defect, Plaintiffs and Proposed Class Counsel, entered into these settlement negotiations with substantial information about the nature and extent of the Defect, and the merits of the legal claims and factual allegations.  In light of this front-end research at the early stages of the development of this case in addition proposed Class Counsel's extensive experience with consumer product defect litigation, substantive discovery, and the *Hirsch* court's ruling on substantive

-9-

issues in the motion to dismiss, proposed Class Counsel was able to evaluate with confidence the strengths and weaknesses of Plaintiffs' claims and prospects for success at class certification, summary judgment, and trial.

31.     The Parties attended one full-day mediation session on November 29, 2022, with Judge Andersen.  At the conclusion of mediation, the Parties had reached agreement on the material terms of the settlement.

32.     From the time of mediation through December 6, 2023, the Parties regularly corresponded, exchanged drafts and redlines of the Settlement Agreement, and participated in regular Zoom conferences to finalize the terms of the Settlement Agreement. Accordingly, the terms of the Settlement Agreement were negotiated at arm's length, and always active.

33.     The Parties reached an agreement on all substantive terms at the conclusion of mediation.  Thereafter, the parties spent an additional 12 months negotiating the details of the Settlement, resulting in the Settlement Agreement that is currently before the Court for final approval.

34.     Pursuant to the negotiations, the Parties jointly dismissed the *Hirsch* Action on April 3, 2023.  In conjunction with dismissing the *Hirsch* Action and pursuant to the negotiations, Plaintiffs filed the *Peterson* Action in the Western District of Washington on April 7, 2023.  Included with the plaintiffs from the *Hirsch* Action was Plaintiff Elizabeth Peterson, a Washington resident.

35.     The Settlement was finalized on December 6, 2023.

36.     Plaintiffs filed their Unopposed Motion for Preliminary Approval of Class Action Settlement on December 8, 2023.  As a supplement to that filing, Plaintiffs submitted the Claim Forms, the Long Form Notice, and the executed Settlement Agreement on December 22, 2023.  The Court granted Plaintiffs' Motion for Preliminary Approval on January 25, 2024.

37.     To date, Settlement Class Counsel are actively overseeing the settlement administration process to ensure the claims process is adequate and will continue to do so in order to ensure that the administration process is fair, adequate, and reasonable.

JOINT DECLARATION OF SETTLEMENT CLASS COUNSEL IN SUPPORT OF PLAINTIFFS' UNOPPOSED
MOTION AND MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION
SETTLEMENT AND PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF APPLICATION
FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS TO REPRESENTATIVE PLAINTIFFS
CASE NO. 2:23-cv-00543

38. Settlement Class Counsel anticipate that they will spend many additional hours on this matter in order to fully prepare for the Final Approval Hearing as well as to provide continued oversight of the settlement administration.

39. Settlement Class Counsel has reviewed the Green Declaration related to the notice and claims administration conducted by CPT Group, Inc. ("CPT"). In Settlement Class Counsel's experience, the projected valid claims rate of 8.8% is higher than similar product defect cases.

40. Similarly, the lack of objections and opt-outs signals that there was a positive reaction to the Settlement Class Members.

41. In Settlement Class Counsel's experience claims will continue to increase, including through reminders from CPT closer to the end of the claims period.

42. Settlement Class Counsel will remain engaged with CPT regarding additional steps that may be taken to ensure reminders are sent out and claim issues are quickly resolved.

## **LODESTAR**

43. As described herein, Settlement Class Counsel's work in this litigation is extensive and comprehensive.

44. The combined lodestar is as follows:

| Timekeeper | Position | Rate | Hours | Lodestar |
|---|---|---|---|---|
| Harper T. Segui | Senior Partner | $878 | 292.9 | $257,166.20 |
| Rachel L. Soffin | Senior Partner | $878 | 147.5 | $129,505.00 |
| Andrew Lemmon | Counsel | $1,057 | 2.5 | $2,642.50 |
| Vince Carnevale | Partner | $764 | 2.8 | $2,139.20 |
| Erin J. Ruben | Partner | $764 | 90.5 | $69,142.00 |
| Alex R. Strauss | Partner | $829 | 2.7 | $2,238.30 |
| Patrick M. Wallace | Partner | $764 | .8 | $611.20 |
| Thomas A. Pacheco | Senior Associate | $538 | 342.5 | $184,265.00 |

-11-

JOINT DECLARATION OF SETTLEMENT CLASS COUNSEL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' MOTION AND MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS TO REPRESENTATIVE PLAINTIFFS CASE NO. 2:23-cv-00543

| | | | | |
|---|---|---|---|---|
| Keith Emanuel | Associate | $468 | .3 | $140.40 |
| Kristen Pesicek | Associate | $468 | 10.1 | $4,726.80 |
| Amber Brashear | Paralegal | $225 | 1.2 | $270.00 |
| Cathy Bryant | Paralegal | $208 | 10.8 | $2,246.40 |
| Sarah Davis | Paralegal | $225 | 8.8 | $1,980.00 |
| Dawn Holt | Paralegal | $250 | .6 | $150.00 |
| Tiffany Kuiper | Paralegal | $225 | 2.4 | $540.00 |
| Cristina Marrero | Paralegal | $206 | 4.9 | $1,009.40 |
| Lisa Maxwell | Paralegal | $206 | 8.1 | $1,668.60 |
| Kim S. Welch | Paralegal | $239 | 168.9 | $40,367.10 |
| **TOTAL** | | | **1,095.8** | **$700,808.10** |

45.     We have reviewed the time entries, and believe the hours expended were reasonable and necessary to securing the result in this case.

46.     The hourly rates above are the current rates for our firm, and are the usual and customary rates charged by each applicable biller in Plaintiffs' Counsel's cases, which is based on each attorney's position within the firm and also the number of years the lawyer has been practicing.

47.     Milberg's hourly rates are also supported by the Laffey Matrix for the year 6/1/23-5/31/24, and have been regularly accepted by courts throughout the country for purposes of class action fee awards.

48.     For example, several prime billers in this litigation had lodestar or lodestar crosscheck rates approved at the same or similar rates, including *In re: Allura Fiber Cement Siding Litig.*, 2:19-mn-02886-DCN, Dkt. 33, pp. 10-13 (D.S.C. May 21, 2021) (approving petition for billers in this litigation where the fees were based on a 33% of a common fund with a lodestar crosscheck rates of up to $894/hour for senior partners, and further noting, "Class Counsel's hourly rates are conservatively based on adjusted Laffey Matrix rates, which are comparable to those rates charged in

-12-

South Carolina, despite the fact that this case is national in scope and required construction and product defect class action specialists from across the country who typically charge higher rates."); *Cleveland v. Whirlpool Corp.*, No. 0:20-cv-01906-WMM-JFD, 2022 WL 2256353, at *10 (D. Minn. June 23, 2022) (approving class counsel's hourly rates in excess of $900 and specifically approving a rate of $764.00 in 2022 for Ms. Segui and Ms. Soffin, based in part on Laffey rates, and stating "[a]s detailed in Plaintiffs' motion and supporting declaration from Class Counsel, the total lodestar …is similar to hourly rates approved by other courts. Class Counsel billed their time at their current billing rates charged to their clients, and the record reflects that the hours expended were necessary to secure the results obtained." (citing *Cleveland v. Whirlpool Corp.*, No. 0:20-cv-01906-WMM-JFD (Feb. 24, 2022), ECF No. 80 at 25-27 and 80-1 (Memorandum of Law in Support of Plaintiffs' Motion for Award of Attorneys' Fees, Litigation Costs and Service Awards and Declaration in Support))).

49.     Generally, these rates are in line with national surveys including National Association of Legal Fee Analysis ("NALFA") 2020 Litigation Hourly Rate Grange Growth Matrix[3] and the Laffey Matrix[4].

50.     In our experience with consumer class settlements, the number of additional hours related to serving as Settlement Class Counsel, including assisting with claims and appeals, will include many additional attorney hours.

## **EXPENSES**

51.     The following chart summarizes the expenses incurred by Plaintiffs in this case to-date:

| Experts | $15,734.30 |
|---|---|
| Mediators | $14,500 |
| Court Fees | $1,636 |
| Travel | Additional costs for travel will be incurred for travel to the Final Approval Hearing. |

---

[3] *See* https://www.thenalfa.org/blog/nalfa-releases-3-models-of-growth-for-litigation-hourly-rates/ (last visited May 9, 2024).
[4] http://www.laffeymatrix.com/see.html (last visited May 9, 2024).

| Meals | $402 |
|-------|------|
| **Total** | **$32,272.30** |

52.     The expenses incurred by Milberg are reflected in the electronic records of Milberg, with the exception of anticipated travel costs associated with travel to the Final Approval hearing.  The records are prepared from invoices, receipts, and other reasonable supporting records and are an accurate record of the expenses incurred.

53.     All expenses were reasonably incurred and necessary to litigating this matter.

54.     To date, Settlement Class Counsel have not received any compensation for the work performed in this litigation and have not been reimbursed for the reasonable expenses reflected herein.

**THE SETTLEMENT ACHIEVES AN EXCELLENT RESULT FOR THE SETTLEMENT CLASS AND IS THE RESULT OF EXTENSIVE INVESTIGATION, HARD-FOUGHT LITIGATION AND ARMS-LENGTH NEGOTIATIONS**

55.     In our opinion, based on our collective experience as outlined above, the Settlement in this case warrants the Court's final approval.  The settlement terms are fair, reasonable, and adequate, and provide concrete and certain results to Settlement Class Members.

56.     There are no opt-outs or objections to the Settlement or the proposed attorneys' fees, reimbursement of costs, or service awards previewed in Plaintiff's Motion for Preliminary Approval of Class Action Settlement, filed on December 8, 2023 and subsequently granted on January 25, 2024. *See* Dkt. 20, 23.  Further, this information was included on the Settlement Website, which went live on March 7, 2024.

57.     Based upon Bosch's records, there are approximately 28,000 consumers across the United States who have purchased the Microwave/Ovens who may be entitled to the relief provided by the Settlement.  Many of these customers purchased the Microwave/Ovens from the largest retailers of home goods in the country, including Best Buy, Home Depot, Lowe's, and Amazon.

58.     Settlement Class Counsel has significant experience in the litigation, certification, and settlement of national class actions, including numerous claims against appliance and product

-14-

manufacturers, and have recovered hundreds of millions of dollars for the classes they have represented. The experience, resources, and knowledge Settlement Class Counsel brings to this Action is extensive and formidable. *See* Dkt. 20-2 (Collectively Resumes of Harper T. Segui, Rachel L. Soffin, and Milberg Coleman Bryson Phillips Grossman, LLC); *see also* Exhibit A.

59.     Settlement Class Counsel's years of experience representing consumers in complex class action cases contributed to an awareness of counsels' settlement leverage, as well as the needs of the Plaintiffs and the Class.  Settlement Class Counsel believed, and continue to believe, that our clients have claims that would ultimately prevail in the litigation on a class-wide basis.  However, Settlement Class Counsel are aware that a successful outcome was uncertain and would have been achieved, if at all, only after several years of prolonged, arduous litigation with the attendant risk of drawn-out appeals. In our opinion, based on our substantial experience, the Settlement warrants the Court's final approval.

60.     Settlement Class Counsel has devoted substantial time and resources to this action, is qualified to represent the Settlement Class, and will, along with the Settlement Class Representatives, vigorously protect the interests of the Settlement Class.

61.     Settlement Class Representatives assumed the risks in this matter and provided assistance that enabled Settlement Class Counsel to successfully prosecute the litigation to reach the Settlement.

62.     From the inception of the case, undersigned counsel consulted with an expert to understand the alleged Defect, and the expert's investigation and analysis informed how Plaintiffs approached each stage of the case, from the construction of the complaints, their responses to motions to dismiss, and mediation. Because of the nature of the Defect being one which Bosch remedied in newer models of its products and the Defect was a design which the industry had not used for decades, as well as because of Settlement Class Counsel's substantial efforts, Settlement Class Counsel could make informed judgments for purposes of Settlement, and additional discovery would provide little value in further assessing the merits of Plaintiffs' claims and defenses. Sufficient discovery occurred

leading up to and during mediation such that essential information for purposes of crafting the Settlement were exchanged.

63.     In our opinion, based on the substantial experience as outlined above, the Settlement warrants the Court's final approval.  Its terms are not only fair, reasonable and adequate, but also are a very favorable result for the Settlement Class. The Settlement Agreement provides substantial and concrete benefits to tens of thousands of Bosch purchasers.  Based on all of the foregoing factors, we recommend that the Court grant final approval of the Agreement.

64.     In our opinion, based on our substantial experience as outlined above as well as our specific experience in this case, Settlement Class Representatives have earned the requested service awards in the amount of $2,500.  Settlement Class Representatives have been committed to this case for its duration, participated in drafting the portions of the Complaint relevant to the facts, participated in discovery, sought updates regarding the case, have regularly communicated with counsel as needed, and have remained actively engaged in the litigation.  Each Settlement Class Representative acted in the best interest of the Class and, in so doing, understood the value that settling would bring as opposed to continued litigation.  Indeed, without them, the Class would not have been able to recover anything.

65.     In our opinion, based on our substantial experience outlined above, including in the *Whirlpool* and *Sharp* matters previously identified, an accurate assessment of the value of the Extended Service Plans provided as a benefit to the Settlement requires a costly expert analysis that Settlement Class Counsel did not want to take out of the Settlement Fund.  Further, Settlement Class Counsel anticipates that such a valuation would cost more than $20,000.

We declare under penalty of perjury that the foregoing is true and correct.

Executed on May 9, 2024.

*Harper T. Segui*
Harper T. Segui

-16-

1

_Rachel L. Soffin_
Rachel L. Soffin

2

3

_Erin J. Ruben_
Erin J. Ruben

4

5

_Thomas A. Pacheco_
Thomas A. Pacheco

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-17-

28

# EXHIBIT A



# FIRM RESUME



Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg") is an AV-rated international law firm with more than 100 attorneys and offices across the United States, the European Union, and South America. Combining decades of experience, Milberg was established through the merger of Milberg Phillips Grossman LLP, Sanders Phillips Grossman LLC, Greg Coleman Law PC, and Whitfield Bryson LLP.

Milberg prides itself on providing thoughtful and knowledgeable legal services to clients worldwide across multiple practice areas. The firm represents plaintiffs in the areas of antitrust, securities, financial fraud, consumer protection, automobile emissions claims, defective drugs and devices, environmental litigation, financial and insurance litigation, and cyber law and security.

For over 50 years, Milberg and its affiliates have been protecting victims' rights. We have recovered over $50 billion for our clients. Our attorneys possess a renowned depth of legal expertise, employ the highest ethical and legal standards, and pride ourselves on providing stellar service to our clients. We have repeatedly been recognized as leaders in the plaintiffs' bar and appointed to numerous leadership roles in prominent national mass torts and class actions.

> *Milberg challenges corporate wrongdoing through class action, mass tort, consumer and shareholder right services, both domestically and globally.*

In the United States, Milberg currently holds more than 100 court-appointed full- and co-leadership positions in state and federal courts across the country. Our firm has offices in California, Chicago, Florida, Georgia, Illinois, Kentucky, Louisiana, Mississippi, New Jersey, New York, North Carolina, South Carolina, Tennessee, Washington, Washington D.C., and Puerto Rico. Milberg's commitment to its clients reaches beyond the United States, litigating antitrust, securities, and consumer fraud actions in Europe and South America, with offices located in the United Kingdom, and the Netherlands. Milberg prides itself on providing excellent service worldwide.

The firm's lawyers have been regularly recognized as leaders in the plaintiffs' bar by the National Law Journal, Legal 500, Chambers USA, Time Magazine, and Super Lawyers, among others.

> *"A powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."*
> **- THE NEW YORK TIMES**

# PRACTICE AREAS

Milberg maintains a robust practice, representing plaintiffs across numerous areas of law. Milberg attorneys have amassed a wealth of experience in the areas of antitrust and competition law, securities litigation, defective consumer product and automobile litigation, consumer services litigation, dangerous drugs and devices litigation, data breach and biometric data litigation, environmental and toxic tort litigation, finance and insurance litigation, state and local government litigation, and whistleblower and qui tam lawsuits. Milberg attorneys focus their practice among these groups to provide their clients with the best representation possible. Over decades, Milberg attorneys have developed expertise in handling class action lawsuits, leading and overseeing multidistrict litigation, and representing municipalities and other public and governmental clients. Based on their reputation and experience, Milberg attorneys have been assigned to leadership roles in class actions, mass torts litigation, and multidistrict litigation nationwide, across all of these practice areas.

## SECURITIES FRAUD

Milberg pioneered the use of class action lawsuits to litigate claims involving investment products, securities, and the banking industry. Fifty years ago, the firm set the standard for case theories, organization, discovery, methods of settlement, and amounts recovered for clients. Milberg remains among the most influential securities litigators in the United States and internationally.

Milberg and its attorneys were appointed Lead Counsel and Co-Lead Counsel in hundreds of federal, state, and multidistrict litigation cases throughout its history.

**EXEMPLAR CASES**

In re: Nortel Networks Corp. Securities Litigation
**U.S. District Court for the Southern District of New York**
Milberg attorneys served as Lead Counsel for the class and the court-appointed lead plaintiff, the Trustees of the Ontario Public Service Employees' Union Pension Plan Trust Fund, in this federal securities class action. The court approved a settlement valued at more than $1.14 billion.

In re: Initial Public Offering Securities Litigation
**U.S. District Court for the Southern District of New York**
Milberg represented investors in 310 securities class actions alleging a market manipulation scheme involving hundreds of initial public offerings and approximately 55 defendant investment banks. Plaintiffs alleged this scheme significantly contributed to the high-tech "bubble" of the late 1990s and early 2000s. In approving a $586 million settlement, the court described the law firms on the Plaintiffs' Executive Committee as the "cream of the crop."

### In re: Zynga Inc. Sec. Litigation
**U.S. District Court for the Northern District of California**
A class action in which Zynga misled investors by portraying the online gaming company as financially strong and withholding non-public information, which in turn allowed a select few within the company to reap the benefits from the company's IPO, before the stock's value eventually collapsed.

### In re: Merck & Co., Inc. Sec. Litigation
**U.S. District Court for the District of New Jersey**
Milberg served as Co-Lead Counsel in this federal securities fraud class action, and after more than 12 years of hard-fought litigation, ultimately obtained a combined settlement totaling $1.062 billion, the largest securities class action settlement ever against a pharmaceutical company. The court described the settlement as "a settlement which is fair and just and which, in fact, is the best settlement which possibly could have been achieved in this case."

### In re: Deutsche Telekom AG Sec. Litigation
**U.S. District Court for the Southern District of New York**
Milberg attorneys served as Co-Lead Counsel in this class action on behalf of purchasers of American Depository Receipts. The plaintiffs alleged that Deutsche Telekom improperly failed to disclose plans to make a major corporate acquisition and overstated the value of real estate assets. Milberg attorneys played a pivotal role in achieving a $120 million settlement.

### In re: Tyco Int'l Ltd., Sec. Litigation
**U.S. District Court for the District of New Hampshire**
Milberg attorneys served as Co-Lead Counsel in this litigation, which involved federal securities claims against Tyco and its former CEO, CFO, general counsel, and certain former directors for insider trading and the overstatement of billions of dollars in income. Milberg attorneys played a crucial role in achieving a $3.2 billion settlement.

### In re: Vivendi Universal, S.A. Securities Litigation
**U.S. District Court for the Southern District of New York**
Milberg was one of two Lead Trial Counsel in this securities fraud case tried to a jury over four months. The jury found Vivendi liable for dozens of false or misleading statements and awarded damages valued at well over a billion dollars. Six months later, in an unrelated case, the Supreme Court ruled that purchasers on foreign securities exchanges could not recover under U.S. law. Milberg's case against Vivendi continued with post-verdict proceedings under the new standard, and damages have been distributed to U.S. class members totaling over $100 million.

### In re: Washington Public Power Supply System Securities Litigation
**U.S. District Court for the District of Arizona**
In this massive securities fraud litigation, Milberg served as Co-Lead Counsel for a class that obtained, after several months of trial, settlements totaling $775 million, the largest securities fraud settlement at that time.

### In re: Lucent Technologies, Inc. Securities Litigation
**U.S. District Court for the District of New Jersey**
Milberg served as Co-Lead Counsel in this securities action, which alleged that Lucent and its senior officers misrepresented the demand for Lucent products and improperly recognized hundreds of millions of dollars in revenues. The case settled for $600 million.

### In re: Biovail Corp. Securities Litigation

**U.S. District Court for the Southern District of New York**
Milberg, representing Local 282 Welfare Trust Fund and serving as Co-Lead Counsel, litigated this securities action alleging that defendants made misleading statements concerning Biovail's financial results and its drug, Cardizem LA. Following substantial discovery, including depositions across the U.S. and Canada, Milberg obtained a $138 million settlement for the class, and Biovail agreed to institute significant corporate governance changes.

### In re: CVS Corp. Securities Litigation

**U.S. District Court for the District of Massachusetts**
Milberg served as Co-Lead Counsel in this securities action on behalf of a class of purchasers of American Depository Receipts. The plaintiffs alleged that Deutsche Telekom improperly failed to disclose plans to make a major corporate acquisition and overstated the value of real estate assets. In 2005, following extensive discovery, including depositions in Germany, the court approved a $120 million cash settlement.

### In re: CVS Corp. Securities Litigation

**U.S. District Court for the District of Massachusetts**
Milberg served as Co-Lead Counsel in this securities class action alleging that defendants issued false and misleading statements, which artificially inflated the price of CVS stock.
The court approved a $110 million settlement.

### In re: American Express Financial Advisors Securities Litigation

**U.S. District Court for the Southern District of New York**
This case involved allegations that American Express Financial Advisors violated securities laws by representing to class members that the company would provide tailored financial advice when the company actually provided "canned" financial plans and advice designed to steer clients into American Express and certain non-proprietary mutual funds. The case settled for $100 million and required the company to adopt various remedial measures.

### Irvine v. ImClone Systems, Inc.

**U.S. District Court for the Southern District of New York**
Milberg served as Co-Lead Counsel in this case, in which the court approved a $75 million cash settlement. The plaintiffs alleged that ImClone misrepresented the likelihood that its drug, Erbitux, would be approved, thereby artificially inflating the price of ImClone stock.

## ANTITRUST

For over fifty years, Milberg's Antitrust Practice Group has prosecuted complex antitrust class actions against defendants in the healthcare, technology, agriculture, and manufacturing industries engaged in price-fixing, monopolization and other violations of antitrust law and trade restraints.

**EXEMPLAR CASES**

**In re: Dealer Management Systems Antitrust Litigation**
**U.S. District Court for the Northern District of Illinois**
Milberg is appointed Lead Counsel in this nationwide class action representing car dealerships. Plaintiffs allege that leading software providers entered into an unlawful agreement, monopolizing access to auto sales and service data in dealer management software used by dealers, thereby reducing competition and increasing prices. Milberg attorneys achieved a $29.5 million settlement against one defendant and the case is proceeding against the remaining defendant.

**In re: ACTOS Antitrust Litigation**
**U.S. District Court for the Southern District of New York**
Milberg attorneys played a significant role in this litigation, including appointment to the MDL Discovery Committee, which accused Takeda Pharmaceuticals of failing to warn patients of the risks of bladder cancer, heart failure and other side effects associated with the Type 2 diabetes drug. In 2015, roughly 9,000 claims were settled for $2.4 billion and significant injunctive relief.

**In re: Cathode Ray Tube (CRT) Antitrust Litigation**
**U.S. District Court for the Northern District of California**
Milberg represented indirect purchaser plaintiffs in this class action alleging an international conspiracy among defendants to keep prices for cathode ray tube (CRT) displays artificially high. Milberg had a significant discovery role in the prosecution of this class action with settlements exceeding $580 million.

**Blessing v. Sirius XM Radio Inc.**
**U.S. District Court for the Southern District of New York**
Milberg served as Co-Lead Counsel in this case alleging that the merger of two U.S. satellite radio providers led to the monopolization of the satellite radio market and the elimination of competition.

**In re: Disposable Contact Lens Antitrust Litigation**
**U.S. District Court for the Middle District of Florida**
Milberg represented indirect purchasers in a class action alleging that defendants conspired to maintain artificially high prices for disposable contact lenses through policies that prevented resale of the subject contact lenses below a minimum price. Settlements exceeded $118 million.

**In re: Liquid Aluminum Sulfate Antitrust Litigation**
**U.S. District Court for the District of New Jersey**
Milberg was appointed to the Plaintiffs Steering Committee in this class action alleging that manufacturers of a chemical essential to municipal water treatment engaged in price-fixing, bid-rigging and market allocation in violation of federal antitrust laws. Settlements were valued at $92.5 million.

### Sandhaus v. Bayer AG
**Kansas State Court**
Milberg served as Co-Lead Counsel in this case alleging that Bayer and several generic drug manufacturers entered into pay-for-delay agreements concerning an antibiotic marketed by Bayer, which caused the plaintiffs to continue paying supracompetitive prices for the drug throughout the class period. The case settled for $9 million.

### In re: Fresh Process Potatoes Antitrust Litigation
**United States District Court, District of Idaho**
Milberg served as Co-Lead Counsel for indirect purchaser plaintiffs in this class action alleging that potato growers, their cooperatives, processors, and packers violated federal antitrust laws by conspiring to manipulate the price and supply of potatoes. Milberg achieved a settlement for $5.5 million and meaningful injunctive relief.

### In re: Google Play Consumer Antitrust Litigation
**U.S. District Court for the Northern District of California**
Milberg is appointed part of a three-member Steering Committee in this consolidated class action alleging Google engaged in anticompetitive behavior through the Google Play Store, seeking injunctive relief and monetary damages on behalf of consumers forced to pay inflated prices for Play Store purchases.

### Series 17-03-615, a series of MSP Recovery Claims, Series LLC. v. Express Scripts, Inc.
**U.S. District Court for the Northern District of Illinois**
Milberg represents third-party payers in this class action alleging that defendants participated in a vertical price-fixing scheme and their monopolistic, anticompetitive behavior caused plaintiffs and the class to pay inflated prices for the drug, H.P. Acthar Gel.

### In re: Hard Disk Drive Assemblies Antitrust Litigation
**U.S. District Court for the Northern District of California**
Milberg represents a class of indirect purchaser end user plaintiffs in a class action alleging that the two largest manufacturers of hard disk drive (HDD) suspension assemblies illegally conspired to fix prices of these component parts, thereby raising prices of products purchased by plaintif fs and the class.

### In re: Deere & Co. Repair Services Antitrust Litigation
**U.S. District Court for the Northern District of Illinois**
Milberg is appointed to the Plaintiffs Steering Committee in this class action alleging that John Deere illegally monopolized the repair and diagnostic services market for Deere brand agricultural equipment with onboard central computers known as engine control units, thereby inflating the prices of these services.

### Harley-Davidson Aftermarket Parts Marketing, Sales Practices and Antitrust Litigation
**U.S. District Court for the Eastern District of Wisconsin**
Milberg represents a class of Harley-Davison motorcycle owners in a case alleging that Harley-Davidson uses its monopoly power to force motorcycle owners to use its compatible branded parts for repairs or risk losing warranty coverage.

**In re: California Gasoline Spot Market Antitrust Litigation**
U.S. District Court for the Northern District of California
Milberg represents California consumers who were forced to pay supracompetitive prices
for gasoline due to the manipulation of the California gasoline spot market.

## FINANCIAL LITIGATION

For over five decades, Milberg has spearheaded litigation challenging unethical practices by some
of the biggest financial and insurance institutions in the world and has been at the cutting edge of
cases that directly impacted large banks, lenders, and insurers.

**EXEMPLAR CASES**

**In re: Prudential Insurance Co. Sales Practice Litigation**
U.S. District Court for the Northern District of California
Milberg attorneys were appointed Lead Counsel and recovered more than $4 billion for certain
policyholders in this landmark case challenging Prudential's insurance sales practices.

**In re: Raytheon Co. Securities Litigation**
U.S. District Court for the District of Massachusetts
Milberg served as Lead Counsel in this case, which alleged that a major defense contractor failed
to properly write down assets on construction contracts. Raytheon and its auditor, Pricewater-
houseCoopers LLP, settled for a total of $460 million.

**In re: Chase Bank USA, N.A. "Check Loan" Contract Litigation**
U.S. District for the Northern District of California
Milberg served on the Executive Committee representing the class in this action against JP Morgan
Chase & Co. The complaint alleged that Chase improperly increased the minimum monthly
payment by 150% required for customers who entered into balance transfer loans with "fixed"
interest rates that were guaranteed to remain so for the "life of the loan." Milberg and its
Co-Counsel achieved a $100 million settlement for the class.

**In re: General Electric Co. ERISA Litigation**
U.S. District Court for the Northern District of New York
Milberg, serving as Co-Lead Counsel, achieved a $40 million settlement on behalf of current and
former G.E. employees who claimed that G.E.'s 401(k) Plan fiduciaries imprudently invested more
than two-thirds of the Plan's assets in company stock. The settlement included important
structural changes to G.E.'s 401(k) plan valued at more than $100 million.

**In re: Royal Dutch/Shell Transport ERISA Litigation**
U.S. District Court for the District of New Jersey
Milberg attorneys led this ERISA breach of fiduciary duty class action against the Royal Dutch/Shell
Oil Group of Companies on behalf of certain of the companies' U.S. employee investment plan
participants. The $90 million settlement included important provisions regarding the monitoring
and training of individuals appointed to be ERISA fiduciaries.

### Mason v. Medline
**U.S. District Court for the Northern District of Illinois**
Milberg successfully represented a healthcare worker in a False Claims Act case against his former employer, Medline Industries, Inc., one of the nation's largest suppliers of medical and surgical products, along with its charitable arm, The Medline Foundation. The suit alleged that Medline engaged in a widespread illegal kickback scheme targeting hospitals and other healthcare providers that purchase medical products paid for by federal healthcare programs. Milberg pursued the case on a non-intervened basis and recovered $85 million on behalf of the federal government — one of the largest settlements of a False Claims Act case in which the government declined to intervene.

### In re: Comverse Technology, Inc. Derivative Litigation
**U.S. Supreme Court for the State of New York, New York County**
As Co-Lead Counsel, Milberg negotiated a $62 settlement which was approved by the court. The settlement also resulted in significant corporate governance reforms, including the replacement of various directors and officers; the amendment of the company's bylaws to permit certain shareholders to propose in the company's proxy materials nominees for election as directors; and the requirement that all equity grants be approved by both the compensation committee and a majority of the non-employee directors.

## CONSUMER PROTECTION

Milberg's Consumer Protection Practice Group focuses on improving product safety and protecting those who have fallen victim to deceptive marketing and advertising of goods and services and/or purchased defective products. Milberg attorneys have served as Lead Counsel and Co-Lead Counsel in hundreds of federal, state, and multidistrict litigation cases alleging the sale of defective products, improper marketing of products, and violations of consumer protection statutes.

**EXEMPLAR CASES**

### Cleveland v. Whirlpool Corp.
**U.S. District Court for the District of Minnesota**
Milberg attorneys led this class action involving leaking and defective washing machines. Milberg attorneys were pivotal in achieving a settlement valued at approximately $21 million, which included meaningful service plan benefits and reimbursement for out-of-pocket repair expenses.

### Berman et al. v. General Motors LLC
**U.S. District Court for the Southern District of Florida**
Milberg attorneys held leadership roles in this class action involving excessive oil consumption in Chevrolet and GMC vehicles. Milberg attorneys played a pivotal role in achieving a nationwide settlement valued at over $40 million, securing vehicle repairs and reimbursement for out-of-pocket repair costs.

### Chess v. Volkswagen Group of America, Inc.
**U.S. District Court for the Central District of California**
Milberg attorneys were named Co-Lead Counsel in this class action involving Volkswagen vehicles with defective transmissions. Milberg attorneys secured a settlement that included up to full reimbursement for out-of-pocket repair expenses and significant injunctive relief.

### Hamm v. Sharp Electronics Corporation
**U.S. District Court for the Southern District of Florida**
Milberg attorneys served as Co-Class Counsel in this class action involving defectively designed microwave drawers. Milberg attorneys were instrumental in achieving a settlement valued at more than $100 million, which included meaningful extended service plan benefits and reimbursement for out-of-pocket repair expenses.

### In re: Allura Fiber Cement Siding Products Liability Litigation
**U.S. District Court for the District of South Carolina**
Milberg attorneys were appointed Co-Lead Counsel and Steering Committee members by the court in this class action alleging defective fiber cement board siding. Milberg attorneys helped to secure a nationwide settlement for repair and replacement of homeowners' siding.

### In re: MI Windows and Doors, Inc., Products Liability Litigation
**U.S. District Court for the District of South Carolina**
Milberg attorneys served as Co-Lead Counsel in this multidistrict class action litigation and helped to secure a nationwide class settlement for homeowners who purchased defectively designed windows.

### In re: Zurn Pex Plumbing Products Liability Litigation
**U.S. District Court for the District of Minnesota**
Milberg attorneys served on the Executive Committee in this multidistrict class action involving leaking and defective plumbing systems. Milberg attorneys secured monetary benefits valued at $100,000 per class settlement member, and plumbing repairs in value up to $7,000 per class settlement member.

### Hobbie, et al. v. RCR Holdings II, LLC, et al.
**U.S. District Court for the District of Louisiana**
Milberg attorneys served as Co-Lead Counsel in a multidistrict class action alleging improper usage of toxic and defective Chinese drywall. Milberg attorneys played an important role in securing a
$30 million settlement for remediation of 364-unit residential high-rise buildings constructed with the toxic drywall.

### In re: Chinese Manufactured Drywall Products Liability Litigation
**U.S. District Court for the Eastern District of Louisiana**
Milberg attorneys served on the Executive Committee in a multidistrict class action involving defective and toxic drywall.

### In re: Synthetic Stucco Litigation
**U.S. District Court for the Eastern District of North Carolina**
Milberg attorneys were appointed to the Steering Committee and played a pivotal role in securing settlements with four exterior insulation finishing system manufacturers for homeowners valued at over $50 million.

### Bridget Smith v. Floor and Decor Outlets of America, Inc.
**U.S. District Court for the Northern District of Georgia**
Milberg attorneys were appointed Co-Lead Counsel in this class action alleging undisclosed formaldehyde exposure from wood and laminate flooring. Milberg attorneys achieved a national class action settlement for homeowners who purchased unsafe laminate wood flooring.

In re: Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation

**U.S. District Court for the Eastern District of Virginia**

Milberg attorneys were appointed Co-Lead Counsel in this class action alleging formaldehyde exposure and secured a $36 million national class action settlement for members who purchased a certain type of laminate flooring.

In re: Windsor Wood Clad Window Products Liability Litigation

**U.S. District Court for the Eastern District of Wisconsin**

Milberg attorneys were appointed Lead Counsel in this class action alleging window defects. Milberg attorneys helped to secure a nationwide settlement for customers providing repairs, replacements, and compensation for out-of-pocket expenses.

In re: Allura Fiber Cement Siding Products Liability Litigation

**U.S. District Court for the District of South Carolina**

Milberg attorneys were appointed Co-Lead Counsel in this class action alleging defective cement board siding. Milberg attorneys helped to secure a nationwide settlement for customers providing repairs, replacements, and compensation for out-of-pocket expenses.

Norman et al. v. Nissan North America

**U.S. District Court for the Middle District of Tennessee**

Milberg attorneys were appointed Co-Lead Counsel in this class action alleging CVT transmission defects in Nissan vehicles. Milberg attorneys played a pivotal role in securing a nationwide settlement valued at approximately $17 million for repairs, replacements, extended warranty, and cash benefits.

In re: Horizon Organic Milk Plus DHA Omega-3 Marketing and Sales Practice Litigation

**U.S. District Court for the Southern District of Florida**

Milberg attorneys were appointed Co-Lead Counsel in this class action alleging falsely advertised brain health benefits. Milberg attorneys were essential in securing a settlement valued at $1.3 million for consumers.

In re: All-Clad Metalcrafters, LLC, Cookware Marketing and Sales Practices Litigation

**U.S. District Court for the Western District of Pennsylvania**

Milberg attorneys were appointed to leadership positions in this multidistrict class action involving All-Clad's false advertising that its stainless-steel cookware was dishwasher safe. Milberg attorneys secured a nationwide settlement valued at $4 million, including replacement products, monetary benefits, partial reimbursements for purchases of the defective products, and discounts on future product purchases.

### Julian, et al., v. TTE Technology, Inc.
**U.S. District Court for the Northern District of California**
Milberg attorneys were appointed Co-Lead Counsel in this litigation involving the false advertising of TCL televisions' refresh rates. Milberg attorneys played an important role in securing a class settlement valued at $2.5 million in cash benefits to class members.

### Roberts et al. v. Electrolux Home Products Inc.
**U.S. District Court for the Central District of California**
Milberg attorneys were named Co-Lead Counsel in this class action involving defective dryers manufactured by Electrolux. Milberg attorneys helped to obtain a settlement on behalf of more than one million class members, valued at over $35 million.

### Tabak v. Apple Inc.
**U.S. District Court for the Northern District of California**
Milberg attorneys brought this class action against Apple for a defect in the iPhone 7 and iPhone 7 Plus, which negatively impacted the audio quality of the phones. Milberg attorneys played a pivotal role in bringing the case, briefing, and discovery. The parties have agreed to a class settlement in principle, valued at $35 million.

### Koenig v. VIZIO, Inc.
**Superior Court of Los Angeles County, California**
Milberg attorneys litigated this class action involving the false advertising of Vizio televisions' refresh rates. Milberg attorneys played a pivotal role, including briefing, discovery, and handling all trial responsibilities. The parties have agreed to a class settlement in principle, valued at over $40 million.

### In re: Outer Banks Power Outage Litigation
**U.S. District Court for the Eastern District of North Carolina**
Milberg attorneys served as Co-Lead Counsel and secured a $10.35 million settlement in a class action in which residents, businesses, and vacationers on Hatteras and Ocracoke Islands in North Carolina were impacted by a 9-day power outage.

### Elliott et al v. KB Home North Carolina Inc.
**North Carolina Superior Court**
In this class action involving homeowners who purchased homes that were improperly built without weather-resistant barriers, Milberg attorneys played an essential role in securing a settlement valued at approximately $6,500 to $17,000 for each class member.

### In re: Allergan Biocell Textured Breast Implant Product Liability Litigation
**U.S. District Court for the District of New Jersey**
Milberg attorneys were appointed to the Plaintiffs Steering Committee in this multidistrict class action against Allergan for breast implants that caused cancer. Milberg attorneys continue to play a pivotal role in this ongoing case.

### In re: Evenflo Co., Inc. Marketing, Sales Practices and Products Liability Litigation
**U.S. District Court for the District of Massachusetts**
Milberg attorneys were appointed Co-Lead Counsel in this multidistrict litigation against Evenflo for deceptively marketing its child booster seats.

#### Carder v. Graco Children's Safety products, Inc.
**U.S. District Court for the Northern District of Georgia**
Milberg attorneys were appointed to multiple leadership positions in this class action involving the deceptive marketing of child car seats.

#### Coleman, et al, v. Britax Child Safety, Inc.
**U.S. District Court for the District of South Carolina**
Milberg attorneys were appointed Co-Lead Counsel in this class action involving the deceptive marketing of child car seats.

#### In re: Seresto Flea and Tick Collar Marketing, Sales Practices And Products Liability Litigation
**U.S. District Court for the Northern District of Illinois**
Milberg attorneys were appointed Co-Lead Counsel in this multidistrict class action against the manufacturers of Seresto flea and tick collars, which were linked to numerous pet deaths. The litigation is ongoing.

## DANGEROUS DRUGS & DEVICES

Milberg is a nationally renowned firm in mass torts, fighting some of the largest, wealthiest, and most influential pharmaceutical and device companies and corporate entities in the world. Our experienced team of attorneys has led or co-led numerous multidistrict litigations of defective drugs and medical devices.

**EXEMPLAR CASES**

#### In re: Avandia Marketing, Sales Practices, and Products Liability Litigation
**U.S. District Court for the Eastern District of Pennsylvania**
Milberg attorneys were appointed to the Plaintiffs Steering Committee and served on the Discovery and Media Sub-Committees on behalf of thousands of patients who took the Type 2 diabetes drug Avandia, alleging the manufacturer failed to disclose the known and increased risk of heart attack and cardiac death. GlaxoSmithKline set aside $3.4 billion in 2011 to settle lawsuits.

#### In re: Benicar (Olmesartan) Products Liability Litigation
**U.S. District Court for the District of New Jersey**
Milberg attorneys were appointed to the Plaintiffs Steering Committee and Common Benefit Fee Committee in this multidistrict litigation which alleged that Benicar manufacturer Daiichi Sankyo and co-promoter Forest Laboratories were responsible for serious gastrointestinal injuries. In 2017, the defendants agreed to a $300 million settlement.

#### In re: Chantix (Varenicline) Products Liability Litigation
**U.S. District Court for the Northern District of Alabama, Southern Division**
Milberg attorneys served as Co-Lead Counsel in the Chantix Coordination in New York State Court and court-appointed member of the Plaintiffs Steering Committee in the MDL in Alabama.

### In re: Fluoroquinolone Products Liability Litigation
**U.S. District Court for the District of Minnesota**
Milberg attorneys were appointed to the Plaintiffs Steering Committee in the MDL in Minnesota litigating the broad-spectrum antibiotic that resulted in severe tendon damage, particularly debilitating Achilles tendon ruptures.


### Fosamax Litigation (I & II)
**U.S. District Court for the District of New Jersey**
Fosamax I: Milberg was appointed Lead Counsel in this New York MDL for ONJ cases and served on the Discovery Team in the Superior Court of New Jersey. Fosamax II: Milberg was appointed to Fosamax Femur MDL Plaintiffs Steering Committee for MDL in the District of New Jersey.


### In re: Fresenius Granuflo/NaturaLyte Dialysate Products Liability Litigation
**U.S. District Court for the District of Massachusetts**
Milberg attorneys served on the Plaintiffs Steering Committee in the MDL. Granuflo and NaturaLyte were manufactured and marketed by Fresenius Medical for use in dialysis treatment to address kidney failure both chronic and acute, but also caused increased heart complications.


### In re: Incretin Mimetics Products Liability Litigation
**U.S. District Court for the Southern District of California (San Diego)**
Milberg attorneys were appointed to the MDL Plaintiffs Steering Committee in California. Incretins are a class of Type 2 Diabetes drugs which result in a significant increase in gastric side effects.


### In re: Infusion Pump Cases (JCCP 4615)
**U.S. Nineth Circuit Court, Eastern District of California**
Milberg attorneys were appointed Plaintiffs Liaison Counsel. Studies showed that pain pumps were associated with high failure rates when used appropriately and often mis-used leading to increased failure rates and resultant complications.


### Risperdal and Invega Product Liability Litigation (JCCP 4775)
**California Second District Court of Appeal, Division Three**
Milberg attorneys were appointed Co-Lead Counsel in Risperdal/Invega Product Liability Litigation against Johnson & Johnson/Janssen regarding these anti-psychotic dopamine receptor blockers that cause hormonal changes in male users that can result in breast tissue growth.


### In re: Mirena IUD Levonorgestrel-Related Products Liability Litigation
**U.S. District Court for the Southern District of New York**
Milberg attorneys were appointed to the Plaintiffs Steering Committee. Mirena, a hormone releasing IUD for contraception was intended for longer term placement, are prone to failure and breakage and resultant injuries.


### Propecia Finasteride Product Liability Litigation
**U.S. District Court for the Eastern District of New York**
Milberg attorneys were appointed to the Plaintiffs Steering Committee. Another Milberg attorney was appointed Lead Counsel in the New Jersey Multi County Litigation in Middlesex County, New Jersey.  These litigations centered on sexual dysfunction resulting from use of Merck's male pattern hair loss product, Propecia.

### In re: Reglan Litigation

**U.S. Superior Court of New Jersey, Law Division Atlantic County**

Milberg attorneys were appointed Co-Lead Counsel in the Multi County Litigation in New Jersey State Court, Atlantic County. Reglan is often used for longer terms to address symptoms of GERD resulting in neurological injuries including Tardive Dyskinesia.

### Johnson & Johnson Talcum Powder Products Marketing, Sales Practices and Products Liability Litigation (MDL 2738)

**U.S. District Court for the District of New Jersey**

Milberg attorneys were appointed to the Plaintiffs Steering Committee in the Johnson & Johnson Talcum Powder Litigation and served on the Science Committee and Bellwether Committee in the MDL in District Court New Jersey, as well as on the Science and Experts Committee of the PSC.

### In re: American Medical Systems, Inc., Pelvic Repair System Products Liability Litigation

**U.S. District Court for the Southern District of West Virginia**

Milberg attorneys were appointed to the Plaintiffs Steering Committee in the AMS, Bard, Boston Scientific and Ethicon MDLs.

### In re: Vioxx Products Liability Litigation

**U.S. District Court for the Eastern District of Louisiana**

Milberg attorneys served as Liaison to the media for Vioxx Plaintiffs Steering Committee and Public Relations Committee in Louisiana and on the New Jersey Multi County Litigation Vioxx discovery team.

### In re: Zicam Cold Remedy Marketing, Sales Practices and Products Liability Litigation

**U.S. District Court for the District of Arizona**

Milberg attorneys were appointed to the MDL Plaintiffs Steering Committee in Arizona in this case involving a homeopathic, over the counter common cold and allergy symptom product that left many with impaired ability to smell.

### In re: Zimmer Nexgen Knee, Implant Products Liability Litigation

**U.S. District Court for the Northern District of Illinois, Eastern Division**

Milberg attorneys were appointed to the MDL Plaintiff's Steering Committee in Illinois as well as the Electronic Storage Information Committee. Zimmer manufactures multiple devices including knee devices which resulted in premature failure necessitating additional, painful, and costly surgeries.

### In re: Crestor Products Liability Cases (JCCP 4713)

**California Superior Court**

Milberg attorneys served as Co-Lead Counsel in the JCCP in State Court California on this highly potent AstraZeneca "me too" cholesterol managing statin litigation where serious side effects included newly onset diabetes and liver damage as well as reactions with Coumadin.

## EMPLOYMENT & CIVIL RIGHTS

Milberg's Employment & Civil Rights attorneys focus on class actions and individual cases nationwide arising from discriminatory banking and housing practices, unpaid wages and sales commissions, improperly managed retirement benefits, workplace discrimination, and wrongful termination.

**EXEMPLAR CASES**

**In re: Black Farmers Discrimination Litigation**
U.S. District Court for the District of Columbia
Milberg attorneys were appointed Lead Counsel and secured a $1.25 billion settlement fund for black farmers who alleged the U.S. Department of Agriculture discriminated against them by denying farm loans.

**Kingston v. IBM**
U.S. District Court for the Western District of Washington
Milberg attorneys spearheaded a series of landmark cases against IBM alleging wrongful termination of software sales managers through a pattern of fraudulent conduct.

**Parry et al. v. Farmers Insurance Exchange, et al.**
Superior Court of Los Angeles County, California
Milberg attorneys were named Class Counsel and secured a $75 million class-action settlement with Farmers Insurance on behalf of its agents alleging that Farmers Insurance misclassified its agents as independent contractors.

**Meek v. SkyWest, Inc.**
U.S. District Court for the Northern District of California
Milberg attorneys were Lead Counsel and secured a $4.2 million class action settlement against SkyWest Airlines for allegedly failing to provide proper rest and meal breaks to its employees.

**Craig v. Rite Aid Corporation**
U.S. District Court for the Middle District of Pennsylvania
This FLSA collective action and class action settled for $20.9 million.

**Stillman v. Staples, Inc.**
U.S. District Court for the District of New Jersey
This FLSA collective action had a Plaintiffs' trial verdict for $2.5 million and a national settlement approved for $42 million.

**Lew v. Pizza Hut of Maryland, Inc.**
U.S. District Court for the District of New Jersey
This FLSA collective action had a statewide settlement for managers-in-training and assistant managers, providing recompense of 100% of lost wages.

# ENVIRONMENTAL LITIGATION & TOXIC TORTS

Milberg's Environmental Litigation & Toxic Torts Practice Group focuses on representing clients in mass torts, class actions, multi-district litigation, regulatory enforcement, citizen suits, and other complex environmental and toxic tort matters. Milberg and its attorneys have held leadership roles in all facets of litigation in coordinated proceedings, with a particular focus on developing the building blocks to establish general causation, which is often the most difficult obstacle in an environmental or toxic tort case.

## EXEMPLAR CASES

### Nnadili, et al. v. Chevron U.S.A., Inc,

**U.S. District Court for the District of Columbia**
Milberg attorneys were Lead Counsel in a $6.2 million settlement for owners and residents of 200 properties located above underground plume of petroleum from former Chevron gas station.

### In re: Swanson Creek Oil Spill Litigation

**U.S. District Court for the District of Maryland**
Milberg attorneys served as Lead Counsel and achieved a $2.25 million settlement arising from the largest oil spill in history of State of Maryland.

### In re: Exxon Valdez

**U.S. District Court for the District of Alaska**
Milberg was a member of the Plaintiffs' Coordinating Committee and co-chair of the Plaintiffs' Law Committee in this massive litigation resulting from the Exxon Valdez oil spill in Alaska. The plaintiffs obtained a jury verdict of $5 billion, which, after years of appeals by Exxon, was reduced to approximately $500 million by the United States Supreme Court. The United States Court of Appeals for the Ninth Circuit has since held that plaintiffs are entitled to post-judgment interest on the award in the amount of approximately $470 million.

### Municipality of Bayamon, et al., v. Exxon Mobil Corp., et al.

**United States District Court for the District of Puerto Rico**
More than a dozen municipalities of Puerto Rico have filed a class action lawsuit against fossil fuel companies for their alleged role in the deadly 2017 hurricane season that devastated the Commonwealth, causing billions in damages and leaving thousands of people dead. The first-of-its-kind lawsuit seeks financial compensation from oil and coal companies for marketing and selling carbon-based products that they intentionally misrepresented to the public and worked together to publicly conceal the climate risk changes of their products while internally acting on climate science to safeguard their own assets.

### Sharon Weatherly v. Eastman Chemical Co.

**Circuit Court of Sullivan County, Tennessee Second Judicial District**
Milberg attorneys led the effort to bring justice for hundreds of injured workers and their families resulting from a steam explosion at the Eastman Chemical Company which released asbestos and other toxic materials. Milberg filed a class-action lawsuit, pursuing claims for public and private nuisance, trespass, negligence, and strict liability for ultra-hazardous activity.

## STATE & LOCAL GOVERNMENTS

Milberg attorneys are dedicated to defending the Constitutional and statutory rights of individuals and businesses that are subjected to unlawful government exactions and fees by state and local governments or bodies.

**EXEMPLAR CASES**

**Daedalus, LLC, et al. v. City of Charlotte**
North Carolina Superior Court, Mecklenburg County
Milberg attorneys recovered a $106 million class action settlement for property owners for unlawful water and sewer capacity fees and system development fees charged by the City of Charlotte, North Carolina as a condition of providing water and sewer service to property owners.

**Upright Builders, Inc., et al. v. Town of Apex**
North Carolina Superior Court, Wake County
Milberg attorneys recovered a $15.3 million class action settlement for property owners for unlawful water and sewer capacity replacement fees and transportation impact fees charged by the Town of Apex, North Carolina as a condition of providing water and sewer service to property owners.

**Plantation Builders of Wilmington, Inc., et al. v. County of Brunswick**
North Carolina Superior Court, Brunswick County
Milberg attorneys recovered a $15.25 million class action settlement for property owners for unlawful water and sewer capacity fees charged by Brunswick County, North Carolina as a condition of providing water and sewer service to property owners.

**Gerald Currin Builders, Inc. v. Town of Holly Springs**
North Carolina Superior Court, Wake County
Milberg attorneys recovered a $7.9 million class action settlement for property owners for unlawful water and sewer capacity replacement fees charged by the Town of Holly Springs, North Carolina as a condition of providing water and sewer service to property owners.

**Meritage Homes of the Carolinas, Inc. v. Town of Holly Springs**
North Carolina Superior Court, Wake County
Milberg attorneys recovered a $7.5 million class action settlement for property owners for unlawful parks and recreation fees in-lieu of land dedication charged by the Town of Holly Springs, North Carolina as a condition of granting development approval to residential subdivision developers.

**Plantation Building of Wilmington, Inc. v. Town of Leland**
North Carolina Superior Court, Brunswick County
Milberg attorneys recovered a $6.2 million class action settlement for property owners for unlawful water and sewer impact fees charged by the Town of Leland, North Carolina as a condition of providing water and sewer service to property owners.

### Shenandoah Homes, LLC v. Town of Clayton

**North Carolina Superior Court, Johnston County**
Milberg attorneys recovered a $2.7 million class action settlement for property owners for unlawful water and sewer impact fees charged by the Town of Clayton, North Carolina as a condition of providing water and sewer service to property owners.

### Granite Land and Timber, LLC v. Town of Clayton

**North Carolina Superior Court, Johnston County**
Milberg attorneys recovered a $2.45 million class action settlement for property owners for unlawful parks and recreation fees in-lieu of land dedication charged by the Town of Clayton, North Carolina as a condition of granting development approval to residential subdivision developers.

### Mayfair Partners, LLC et al. v. City of Asheville

**North Carolina Superior Court, Buncombe County**
Milberg attorneys recovered a $1.85 million class action settlement for property owners for unlawful water and sewer impact fees charged by the City of Asheville, North Carolina as a condition of providing water and sewer service to property owners.

### Eastwood Construction, LLC, et. al v. City of Monroe

**North Carolina Superior Court, Union County**
Milberg attorneys recovered a $1.75 million class action settlement for property owners for unlawful water and sewer impact fees charged by the City of Monroe, North Carolina as a condition of providing water and sewer service to property owners.

### Larry Shaheen v. City of Belmont

**North Carolina Superior Court, Gaston County**
Milberg attorneys recovered a $1.65 million class action settlement for property owners for unlawful water and sewer impact fees charged by the City of Belmont, North Carolina as a condition of providing water and sewer service to property owners.

### Brookline Homes, LLC v. City of Mount Holly

**North Carolina Superior Court, Gaston County**
Milberg attorneys recovered a $483,468 class action settlement for property owners for unlawful water and sewer impact fees charged by the City of Mount Holly, North Carolina as a condition of providing water and sewer service to property owners.

## INFORMATION TECHNOLOGY

Milberg is a leader in the fields of cyber security, data breach litigation, and biometric data collection, litigating on behalf of clients – both large and small – to change data security practices so that large corporations respect and safeguard consumers' personal data.

**EXEMPLAR CASES**

In re: Google Buzz Privacy Litigation
**U.S. District Court for the Northern District of California**
Milberg attorneys were appointed Lead Class Counsel and secured a $8.5 million cy pres settlement.

In re: Dept. of Veterans Affairs (VA) Data Theft Litigation
**U.S. District Court for the District of Columbia**
Milberg attorneys were appointed Co-Lead Counsel representing veterans whose privacy rights were compromised by the theft of an external hard drive containing personal information of approximately 26.6 million veterans and their spouses; creation of a $20 million fund for affected veterans and a cy pres award for two non-profit organizations.

In re: Target Corporation Customer Data Security Breach Litigation
**U.S. District Court for the District of Minnesota**
Milberg represented as many as 110 million Target customers whose personal information was compromised in this landmark data breach case. Milberg, together with Co-Counsel, achieved compensation of $10 million, entitling individual consumers to recover losses of up to $10,000. An appeal of the settlement has been remanded to the District Court of Minnesota and remains pending.

## APPELLATE

Consisting of former appellate judges, experienced appellate advocates, and former law clerks who understand how best to present compelling arguments to judges on appeal and secure justice for our clients beyond the trial courts, Milberg's Appellate Practice Group boasts an impressive record of success on appeal in both state and federal courts.

### EXEMPLAR CASES

#### Home Depot, U.S.A., Inc. v. Jackson
United States Supreme Court
Milberg attorneys represented a consumer who was originally sued in a state court debt collection action. In response, Milberg attorneys filed third-party class action claims against Home Depot for deceptive trade practices regarding its store credit cards marketed to customers. Home Depot sought to remove the class action counterclaims, which were filed in the existing state court action, to federal court. Lengthy appeals followed, in which Milberg attorneys worked cooperatively with attorneys at Public Justice to represent the original consumer and class of consumers. Ultimately, the Supreme Court agreed with the consumers' position and held that a third-party counterclaim defendant may not remove state court claims either under the removal statute or under the Class Action Fairness Act. This decision represents a significant victory for consumer plaintiffs.

#### Webb v. Injured Workers Pharmacy, LLC
First Circuit Court of Appeals
Milberg attorneys scored a significant victory for plaintiffs in data breach and other federal tort cases. The decision animated the Supreme Court's decision in TransUnion v. Ramirez, by applying its standing analysis in a common sense and logically consistent manner to the real-world fact patterns posed by data breach cases. The decision demonstrates that federal court is still a viable forum for data breach cases based upon the material risk of future misuse, as well as actual misuse of data.

#### Kingston v. Int'l Bus. Machines Corp.
Ninth Circuit Court of Appeals
Milberg attorneys represented an IBM software sales manager who was fired for reporting racial discrimination and the unlawful capping of sales commissions. A jury awarded the plaintiff almost $15 million. The Ninth Circuit affirmed the jury's finding of liability and most of the damages award, over a dissent.

#### Fessler v. Int'l Bus. Machines Corp.
Fourth Circuit Court of Appeals
Milberg attorneys represented an IBM software salesman whose sales commissions IBM had wrongly capped. The district court dismissed the salesman's claims. The Fourth Circuit reversed the dismissal, distinguishing a long line of older cases in which IBM had prevailed on the grounds that the new case was factually distinct and presented novel legal theories. The case was later resolved.

### Lytle v. Nutramax Labs., Inc.

**Ninth Circuit Court of Appeals**

Milberg attorneys represented a class of consumers who purchased pet joint health supplements, which they claimed were deceptively marketed and labeled. The trial court granted class certification, and the defendant sought to appeal to the Ninth Circuit, which agreed to hear the appeal. Milberg attorneys argued that class certification was proper, and that the plaintiffs' proposed damages model—a conjoint analysis that surveyed consumers to determine the value of the product's deceptive statements—was valid for calculating classwide damages. The Ninth Circuit heard the parties' arguments in 2023, but has not yet ruled.

### Adkisson v. Jacobs Engineering Grp., Inc.

**Sixth Circuit Court of Appeals**

Milberg attorneys represented a group of hundreds of workers and their families who were injured when cleaning up a large coal ash spill in Kingston, Tennessee. The workers alleged, among other things, that the defendant had denied them essential personal protection equipment. Following years of litigation and a trial on certain issues, the defendant raised a new defense based on a recent Supreme Court case, Thacker v. Tennessee Valley Authority. The defendant argued that it should be immune because it was acting as an agent of the federal government. The Sixth Circuit rejected this defense, finding that based upon the facts, the Tennessee Valley Authority—and, by extension, the defendant—were not immune, paving the way for future litigants to bring claims against the TVA and its agents. Following this ruling, the parties reached a settlement.

### Chisum v. Campagna

**North Carolina Supreme Court**

Milberg attorneys represented a contractor who was wrongfully kicked out of several valuable real estate companies by his partners. The jury awarded the plaintiff millions of dollars, but the trial court granted judgment to the defendants on some of the claims. The North Carolina Supreme Court affirmed the jury's verdict while reversing the trial court's grant of judgment to the defendants. Following the reversal, the parties reached settlement, which was more lucrative for plaintiff than the original jury verdict.

### Plantation Bldg. of Wilmington, Inc. v. Town of Leland

**North Carolina Supreme Court**

Milberg attorneys represented a class of contractors who sued a local government for charging illegal fees. The trial court certified the class, but the government appealed, raising a dangerous new legal theory that would have prevented class certification. The North Carolina Supreme Court rejected that new theory, after which the case settled for even more than the class had demanded before the appeal.

### Adkisson v. Jacobs Engineering Grp., Inc.

**Tennessee Supreme Court**

Milberg attorneys represented a group of hundreds of workers and their families who were injured when cleaning up a large coal ash spill in Kingston, Tennessee. The workers alleged, among other things, that the defendant had denied them essential personal protection equipment. Following years of litigation and a trial on certain issues, the defendant argued that the plaintiffs' claims must be dismissed under the Tennessee Silica Claims Protection Act, and the trial court certified the question to the Tennessee Supreme Court. Milberg attorneys briefed the issues and argued on the workers' behalf that the TSCPA did not cover or require dismissal of their claims. Before the Tennessee Supreme Court could rule, the parties settled their claims.

# LOCATIONS

**PUERTO RICO**
1311 Avenida Juan Ponce de León
San Juan, Puerto Rico 00907

**CALIFORNIA**
280 South Beverly Drive, Penthouse
Beverly Hills, California 90212

402 West Broadway, Suite 1760
San Diego, California 92101

**FLORIDA**
201 Sevilla Avenue, Suite 200,
Coral Gables, Florida 33134

3833 Central Avenue
St. Petersburg, Florida 33713

**ILLINOIS**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606

**KENTUCKY**
19 North Main Street
Madisonville, Kentucky 42431

**LOUISIANA**
5301 Canal Boulevard
New Orleans, Louisiana 70124

**MICHIGAN**
6905 Telegraph Road, Suite 115
Bloomfield Hills, Michigan 48301

**NEW JERSEY**
1 Bridge Plaza North, Suite 675
Fort Lee, New Jersey 07024

**NEW YORK**
100 Garden City Plaza, Suite 500
Garden City, New York 11530

405 E 50th Street
New York, New York 10022

**NORTH CAROLINA**
900 West Morgan Street
Raleigh, North Carolina 27603

5 West Hargett Street, Suite 812
Raleigh, North Carolina 27601

**SOUTH CAROLINA**
825 Lowcountry Blvd, Suite 101
Mount Pleasant, South Carolina 29464

**TENNESSEE**
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929

518 Monroe Street
Nashville, Tennessee 37208

**WASHINGTON**
1420 Fifth Ave, Suite 2200
Seattle, Washington 98101

17410 133rd Avenue, Suite 301
Woodinville, Washington 98072

**WASHINGTON, D.C.**
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015

**NETHERLANDS**

**UNITED KINGDOM**



# Milberg.
### COLEMAN BRYSON PHILLIPS GROSSMAN



**Harper T. Segui**
Partner

Email:
harper@whitfieldbryson.com

Harper T. Segui is an experienced litigator who focuses her practice on representing plaintiffs in complex class action litigation, including defective products, false advertising and mislabeling, and data breaches. She has been named a Practice Leader of Milberg's Consumer Products Group, as well as the Data Breach, Cyber Security & Biometric Group.

Ms. Segui has actively lead a variety of complex cases across the country, having been instrumental in procuring millions of dollars in recoveries for plaintiffs and class members. In addition to individual class actions, Ms. Segui has enjoyed playing active roles in multidistrict litigation and has several times been appointed by courts to serve on Plaintiffs' Steering Committees. She was recently appointed as Co-Lead Counsel in multidistrict litigation involving a data breach.

Ms. Segui has a broad spectrum of class actions and complex litigation experience that includes consumer product defects, building product defects, construction defects, unlawful fee charges, automobile defects, false advertising, and data breaches. Although integrally involved in every aspect of her cases, Ms. Segui has particularly honed technical skills which arm her with the ability to develop complex issues of science and technology at the heart of her cases, including the ability to engage experts and present these technical aspects in court.

She been appointed to a number of leadership roles, and provided integral support for many more. Representative cases include, *In Re: All-Clad Metalcrafters, LLC, Cookware Marketing and Sales Practices Litigation*, MDL No. 2988, Master Case No. 2:21-mc-491-NR (Plaintiffs' Co-Lead Counsel); *In Re: Blackbaud, Inc., Customer Data Security Breach Litigation*, MDL No. 2972, Master Case No. 3:20-mn-02972-JFA (Plaintiffs' Co-Lead Counsel); *Cleveland, et al. v. Whirlpool Corp.*, 20-cv-1906-WMW-KMM (Plaintiffs' Co-Class Counsel); *Hamm v. Sharp Electronics Corp.*, No. 5:19-cv-00488 (M.D. Fla.)(Plaintiffs' Co-Class Counsel); *In Re: Windsor Wood Clad Windows Prods. Liab. Litig.*, 16-md-02668, MDL No. 2688 (E.D. Wis.)(Plaintiffs' Steering Committee); and *In Re: Allura Fiber Cement Siding Litig.*, No. 2:19-mn-02886 (D.S.C.)(Plaintiffs' Steering Committee and Co-Class Counsel). She also played essential supporting roles, including as a member of expert teams, in *In Re: MI Windows and Doors, Inc, Prods. Liab. Litig.*, 2:12-mn-00001, MDL No. 2333 (D.S.C.), *In Re: Pella Corp. Architect and Designer Series Windows, Mktg., Sales Prac. and Prods. Liab. Litig.*, 2:14-mn-00001, MDL No. 2514 (D.S.C.).

Ms. Segui has been regularly selected to Super Lawyers as a Top-Rated Attorney in the areas of "Class Action & Mass Torts." She has co-authored several publications on product liability and other topics, and has been a lecturer on complex legal issues.

**Education**
- Mercer University Walter F. George School of Law, J.D.
- University of Central Florida, B.A.

**Bar Admissions:**
- State of Georgia
- State of South Carolina
- District Court of South Carolina
- Northern District of Georgia
- Middle District of Georgia
- Northern District of Illinois





**Rachel Soffin.** Rachel Soffin is a Partner and Practice Leader in the Consumer Products division of Milberg Coleman Bryson Phillips Grossman ("Milberg"), an AV rated, full-service Plaintiffs law firm specializing in consumer class action and mass tort litigation. Ms. Soffin has successfully represented consumers in numerous class action cases involving a wide range of subjects affecting consumers, including dangerous and defective products, mislabeling, deceptive trade practices, and regulatory violations.

**Representative Class Actions and Court Appointments:** Currently, Ms. Soffin serves as court-appointed co-lead counsel in an MDL involving dangerous and defective pet collars, *In re: Seresto Flea & Tick Collar Marketing, Sales Practices & Product Liability Litigation*, Case No. 1:21-cv-4447. Ms. Soffin also serves as court-appointed counsel on the Plaintiffs' Steering Committee in litigation involving defective breast implants, *In re: Allergan Biocell Textured Breast Implant Product Liability Litigation*, No. 2:19-md-02921-BRM-ESK (D.N.J.), where she has been appointed to the law and briefing and class certification committees. In addition, Ms. Soffin currently serves as court-appointed Co-Lead Counsel in the deceptive representations and omissions cookware MDL, *All-Clad Metalcrafters, LLC, Cookware Marketing and Sales Practices Litigation*, No. 2:21-mc-00491-NR (W.D. Pa.). Ms. Soffin also served as co-lead settlement class counsel in the *In Re: Allura Fiber Cement Siding Prods. Liability Litig.*, No. 2:19-mn-02886-DCN (D.S.C.) MDL, which resulted in a $12.5M settlement involving allegedly defective fiber cement siding. Outside of the MDL context, Ms. Soffin has led numerous product defect and mislabeling class actions, including, among others, *Hamm v. Sharp Electronics Corp.*, No. 5:19-cv-00488 (M.D. Fla.) (over $100M value settlement in action involving allegedly defective microwaves); *Cleveland et al v. Whirlpool Corp.*, No. 0:20-cv-01906-WMV-KMM (D. Minn.) (Plaintiffs' co-class counsel in recent class $20M value class action settlement involving allegedly defective dishwashers); *In re: Horizon Organic Milk Plus DHA Omega-3 Marketing and Sales Practice Litigation*, 1:12-MD-02324-JAL (S.D. Fla.) ($1.3 million settlement value for consumers subjected to deceptive trade practices for misrepresentations regarding a milk product); *In re: Tracfone Unlimited Service Plan Litigation*, No. 13-cv-03440-EMC (N.D. Cal) ($40 million settlement for consumers subjected to deceptive cellular phone data plan practices).

Ms. Soffin has been regularly selected to Super Lawyers as a Top-Rated Attorney in the areas of "Class Action & Mass Torts." She has also been a lecturer on complex legal issues involving class actions.

## EDUCATION

The Florida State University, B.S., 2002

Stetson University College of Law, J.D. 2005
- Law Review
- Phi Delta Phi Honor Fraternity
- National Dean's List Recipient
- Recipient of Stetson's Florida Association of Women's Lawyers Certificate of Appreciation
- Teaching Fellow for Research and Writing Department

## COURT ADMISSIONS

Florida, 2005
Georgia, 2009
Middle District of Florida, 2007
Southern District of Florida, 2012
Northern District of Georgia, 2012