UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELIZABETH PETERSON, AMANDA CARLTON, REBECCA HIRSCH, MICHELE O'DELL, and PRASANNA RAMAKRISHNAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BSH HOME APPLIANCES CORPORATION,<br><br>Defendant. | Case No. 2:23-cv-00543-RAJ<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter is before the Court on Plaintiffs' Unopposed Motion and Memorandum of Law in Support of Final Approval of Class Action Settlement. On January 25, 2024, the Court granted Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement between Plaintiffs Elizabeth Peterson, Amanda Carlton, Rebecca Hirsch, Michele O'Dell, and Prasanna Ramakrishnan ("Plaintiffs" or "Class Representatives") and Defendant BSH Home Appliances Corporation ("Bosch" or "Defendant"). (Dkt. 23.)

On June 13, 2024, the Court held a Final Approval Hearing to determine whether the Settlement should be fully approved as fair, reasonable, and adequate. The Court has considered all the submissions and arguments of the Parties.

AND NOW, this 13th day of June, 2024, upon careful consideration of Plaintiffs' Unopposed Motion and Memorandum of Law in Support of Final Approval of Class Action Settlement, and having heard from the Parties at the Final Fairness Hearing held before this Court on June 13, 2024, it is hereby **ORDERED** as follows:

**1.    Definitions.**

This Order incorporates by reference the definitions in the Settlement Agreement (Dkt. 20-1), and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

**2.    Background.**

Plaintiffs, individually and on behalf of all others similarly situated, and Defendant have entered into a class action Settlement Agreement to settle, fully and finally, all of the claims that have been or could have been brought in the two putative class action Lawsuits brought against Bosch relating to certain microwave/oven combination products. Specifically, Bosch microwave and/or oven combination products with model numbers HBL5751UC, HBL8751UC, HMC80151UC, HMC80251UC, and HMNC87151UC (the "Class Products" or "Microwave/Ovens") are equipped with vacuum fluorescent display ("VFD") control panels ("Control Panels") which fade, dim, become unreadable, and/or fail altogether as a result of a defect in the design and/or manufacture of the Class Products ("Display Failure"). According

to Plaintiffs, extensive expert investigation conducted on their behalf revealed that the Microwave/Ovens suffer from a uniform defect which causes the Display Failure and exists at the point of sale such that the Microwave/Ovens cannot be used for their intended purpose of safely and properly preparing meals at home.  Thus, due to improper regulation of the current related to the VFD, the displays of the Control Panels burn out in an accelerated manner, leading to the display fading beyond any use (the "Defect"). Each Microwave/Oven contained the Defect at the point of sale to Plaintiffs and utilized defective and outdated technology which rendered the Microwave/Ovens unfit for their ordinary purpose for which they are used and posed an unreasonable risk of harm to consumers and their property and were subject to premature failure.

The Court finds the Settlement is the product of hard-fought litigation and arm's-length negotiations, as well as substantial investigation and litigation over the course of four years including: (1) researching the complaints regarding the failed displays and cause of the failure, potential causes of action, Defendant's representations, qualities, and specifications regarding the products, as well as the related complex legal and factual issues involved; (2) working with a qualified electrical engineer for 10-months of pre-suit expert investigation that included significant research on the products and industry standards, testing, and investigation of alternative feasible designs; (3) communicating extensively with Plaintiffs and other consumers to vet potential claims and understand the practical realities of the alleged Defect; (4) briefing and overcoming formidable legal arguments in Defendant's Motion to Dismiss; (5) exchanging discovery, both formally and as part of settlement negotiations; (6) preparing and serving third-party discovery on numerous retailers; (7) vigorously advocating on behalf of Plaintiffs and the putative Class at mediation; and (8) continuing to work for an additional year to negotiate and finalize the Settlement.

### 3. Class Certification.

#### A. Settlement Class.

When this Court granted preliminary approval, the Court preliminary certified the

following Settlement Class for settlement purposes only:

> all persons in the United States and its territories who either (a) purchased a new Class Product, or (b) acquired a new Class Product as part of the purchase or remodel of a home, or (c) received as a gift, from a donor meeting those requirements, a new Class Product not used by the donor or by anyone else after the donor purchased the Class Product and before the donor gave the Class Product to the Settlement Class Member, during the Class Period.

Excluded from the Settlement Class were:

> (i) officers, directors, and employees of Bosch or its parents, subsidiaries, or affiliates, (ii) insurers of Settlement Class Members, (iii) subrogees or all entities claiming to be subrogated to the rights of a Class Product purchaser, a Class Product owner, or a Settlement Class Member, (iv) persons who acquired an other-than-new Class Product, (v) issuers or providers of extended warranties or service contracts for Class Products, and (vi) persons who timely and validly exercise their right to be removed from the Settlement class.

### B. Certification of the Settlement Class Pursuant to Rule 23 of the Federal Rules of Civil Procedure Is Appropriate and Warranted.

In the Preliminary Approval Order the Court preliminarily found that the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23 of the Federal Rules of Civil Procedure were satisfied. Dkt. 23 ¶ 7. Since the Court's Preliminary Approval Order, the deadline for opt-outs and objections have passed. Upon review of the declarations of the notice and claims administrator, CPT Group, Inc. ("CPT") and Settlement Class Counsel, no opt-outs or objections were made by Settlement Class Members. Additionally, no material changes have occurred since that Order that would alter this ruling. The Court now finally approves certification of the Settlement Class and the Settlement Agreement.

**4.     The Settlement Benefits.**

     **A. The Settlement Fund**

The Settlement provides for the establishment of a Settlement Fund up to $2,000,000.00 for reimbursement of out-of-pocket costs for the repair or replacement for a Display Failure,

Notice and Administration, Class Representative Awards of $2,500, and Attorneys' Fees and reimbursement of Costs of $725,000, subject to Court approval.

Settlement Class Members fall into two distinct tiers with significant options for relief. Any Settlement Class Member who provides sufficient documentary Proof of Ownership and Proof of Display Failure are entitled to reimbursement for out-of-pocket costs and/or an Extended Service Plan for repair of the Microwave/Ovens, as follows following:

***Tier 1:***

a. Reimbursement of sufficiently documented out-of-pocket costs up to $400.00 with proof that such out of pocket costs related to the Past Display Failure (a display failure that occurred prior to the Notice Date); <u>and</u>

b. An extended service plan benefit of three (3) years from the date of purchase, wherein Bosch will replace any VFD control panel that experiences a Display Failure.

***Tier 2***: Class Members with a Future Display Failure (a display failure that occurs after the Notice Date) are entitled to an extended service plan benefit of three (3) years from the date of purchase, wherein Bosch will replace any VFD control panel that experiences a Display Failure.

The Extended Service Plan for Tier 1(b) and Tier 2 Settlement Class Members may be provided by Bosch through its existing warranty process, which will include either replacement of the VFD control panel by Bosch or the cash value of the replacement parts and labor, not to exceed $250.00. To be eligible for compensation for a Future Display Failure, a Settlement Class Member must submit a claim within 90 days of the Display Failure.

Additionally, the Settlement includes a benefit for consumers with expired extended service plans. For purchases where the extended service plan benefit has expired prior to or on the Effective Date, the Class Member would be entitled to 120 days from the Effective Date to submit an Extended Service Claim.

5.    **Notice.**

1 | Consistent with the Preliminary Approval Order and the proposed Notice Plan, the Settlement Administrator, CPT, has notified Settlement Class Members of the Settlement by: (a) emailing the notices to all members of the Settlement Class for whom valid email addresses are known to Bosch; (b) mailing postcard notice to Settlement Class Members that did not have valid email addresses but had valid postal information; (c) implementing a digital notice program, including advertising both on social media and through Google and Bing; and (d) publishing a press release in PR Newswire for dissemination.  In addition, CPT created a Settlement Website that includes all necessary and pertinent information for Settlement Class Members to call and obtain additional information about the Settlement. The direct notice for those with valid email addresses and postal addresses, following deduplication and additional data analysis resulted in direct notice to 12,840 of the approximate 28,000 Settlement Class Members (approximately 46%). The Notice Plan intended to reach 71% of the Settlement Class, which CPT certifies was accomplished.

In the Preliminary Approval Order the Court the form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23, any other applicable law, and due process, and constituted the best notice practicable under the circumstances.

Further, CPT, on behalf of Defendant, caused timely notice of the Settlement and related materials to be sent to the Attorney General of the United Sates and the Attorneys General of all states and territories,.  The Court finds that such notification complies fully with the applicable requirements of the Class Action Fairness Act of 2005.

**6.     The Settlement is Fair, Reasonable, and Adequate.**

"Rule 23(e) of the Federal Rules of Civil Procedure require court approval of all class action settlements, which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (citing Fed. R. Civ. P. 23(e)(2)). Rule 23(e)(2) requires the Court to consider: (1) "whether plaintiffs and their counsel have

adequately represented the class"; (2) "whether the proposed settlement was negotiated at arm's length"; (3) "whether the relief provided for the class is adequate"; and (4) "whether the proposed settlement treats class members equitably relative to one another." *Torres v. N. Pac. Seafoods, Inc.*, No. 2:20-cv-01545-JLR, 2021 WL 7366175, at *1 (W.D. Wash. Dec. 9, 2021); *see also* Fed. R. Civ. P. 23(e)(2)(A)-(D).

The Ninth Circuit has also outlined a number of considerations for determining if a proposed settlement is "fair, reasonable, and adequate" under Rule 23(e):

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*Hanson v. MGM Resorts Int'l*, No. 16-cv-001661-RAJ, 2018 WL 3630284, at *5 (quoting *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015)); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). ("*Churchill* factors").

### A. The Settlement satisfies the Rule 23(e)(2) requirements.

***Plaintiffs and Class Counsel have adequately represented the class under Rule 23(e)(2)(A).*** Settlement Class Counsel and Settlement Class Representatives have been zealous advocates on behalf of consumers who purchased the Microwave/Ovens as they have pursued this case since July 2020. The Court has already acknowledged as much in the Preliminary Approval Order when it stated "the Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class and will continue to do so." Dkt. 23 ¶ 7. This Court sees no reason to alter its previous finding and thus Rule 23(e)(2)(A) is satisfied.

***The Settlement is the result of arm's length negotiations under Rule 23(e)(2)(B).*** The Settlement in this action is the product of serious, informed, non-collusive negotiations. The Parties were fully aware of the strengths and weaknesses of each other's positions as well as

their own.  Only after significant pre-suit investigation, formal and informal discovery, and a full day of mediation on November 29, 2022, and by working with Judge Andersen, a highly respected and experienced mediator, were the Parties able to reach a settlement in principle. The Parties took an additional year to negotiate the specific terms of the Settlement Agreement. This Court previously noted as well that "the Settlement has been reached as a result of intensive, arm's-length negotiations using an experienced third-party neutral" and that based upon "extensive and costly investigation, research, and discovery" that the "parties are reasonably able to evaluate the benefits of settlement" and avoid collusion.  Dkt. 23 ¶ 7.  This Court sees no reason to alter its previous finding and thus Rule 23(e)(2)(B) is satisfied.

***The relief provided to the Class is adequate under Rule 23(e)(2)(C).***  The relief provided to the Settlement Class in the Settlement plainly satisfies Rule 23(e)(2)(C).  Through the efforts of Settlement Class Counsel, all purchasers of the Microwave/Ovens in question are entitled to benefits from the Settlement regardless of whether the Microwave/Ovens have experienced the Display Failure.  The Settlement provides two tiers of benefits in order to capture consumers who purchased the Microwave/Ovens which have already manifested Display Failures as well as those who purchased the Microwave/Ovens which have not yet manifested Display Failures.  The Settlement offers a monetary benefit to Settlement Class Members for out-of-pocket costs.  Additionally, and critically, the Extended Service Plan provides a substantial benefit to the Settlement Class and addresses the crux of this litigation, which is that Bosch failed to inform consumers at the time of purchase of the latent but inevitable Display Failure in the Microwave/Ovens, and through this Settlement, and Settlement Class Members would have a remedy available to them which addresses the latent nature of the Display Failures. Moreover, absent reaching the Settlement, proceeding in this case presented significant costs, risks, and almost certain delays for trial and appeal.  The Court has already recognized the potential risks and costs avoided by the Settlement in its Preliminary Approval Order and sees no reason to depart from its earlier findings.  *See* Dkt. 23 ¶ 7.  The claims process is not unduly burdensome and instead ensures only Settlement

Class Members benefit from the Settlement. Lastly, the proposed fee award is not disproportionate given the benefits for the Settlement Class and the circumstances as a whole. Therefore, Rule 23(e)(2)(C) is satisfied.

***The Settlement treats Settlement Class Members equitably relative to each other under Rule 23(e)(2)(D).*** The Settlement treats Settlement Class Members equitably by addressing the totality of the Settlement Class with the understanding that some Settlement Class Members have Microwave/Ovens with the Display Failure already manifested, some have paid out-of-pocket costs for repair, and others have not yet had Microwave/Ovens suffer from Display Failure. All Settlement Class Members are entitled to the Extended Service Plan for three years from the date of purchase of the Microwave/Oven, and Settlement Class Members who have previously come out-of-pocket to repair the Display Failure or come out-of-pocket in the future are made whole. Therefore, Rule 23(e)(2)(D) is satisfied.

### B. The Settlement satisfies the *Churchill* factors.

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

***The presence of a governmental participant is inapposite.*** Although it is one of the *Churchill* factors, there is no governmental participant present in this case.

***The strength of the Plaintiff's case weighs in favor final approval.*** Settlement Class Counsel firmly believes in the strength of Plaintiffs' case, and that judgment is based upon extensive class action experience generally, and product defect litigation specifically. Settlement Class Counsel used their experience to vigorously defend in litigation against Bosch's counsel, and then used to negotiate the Settlement, which is supportive of final approval.

*The risk, expense, complexity, and likely duration of further litigation weighs in favor of final approval.* Absent reaching the Settlement, proceeding in this case presented significant costs, risks, and almost certain delays for trial and appeal. The nature of this case as a product defect class action presents unique risks. The efficiency of accomplishing this Settlement only after prevailing at the dismissal stage is a testament to the high quality of this Settlement and is an intangible benefit of the Settlement provided to Settlement Class Members. Moreover, the Settlement provides prompt and certain relief for Settlement Class Members, whereas continued litigation may have resulted in no benefits or, at best, delayed benefits. The Court sees no reason to depart from its previous finding that "the Settlement has been reached as a result of intensive, arm's-length negotiations using an experienced third-party neutral" and that based upon "extensive and costly investigation, research, and discovery" that the "parties are reasonably able to evaluate the benefits of settlement." Dkt. 23 ¶ 7.

*The risk of maintaining class action status throughout the trial weighs in favor of final approval.* Continuing with litigation would have required a battle of the experts related to the Display Failure, including *Daubert* motions, a contested battle over class certification, including the risk of decertification, summary judgment, trial, and a likely subsequent appeal, which weighs in favor of final approval.

*The amount offered in the settlement weighs in favor of final approval.* The Settlement creates a $2,000,000 Fund that will reimburse Settlement Class Members for out-of-pocket costs. In addition, the Extended Service Plan offers a benefit which adds to the amount offered in the Settlement. The amount offered addresses the latent nature of the Display Failure, which weighs in favor of final approval.

*The extent of discovery completed and the stage of the proceedings weigh in favor of final approval.* From the inception of the case, Settlement Class Counsel consulted with an electrical expert to understand the Display Fade, and the expert's investigation and analysis informed how Settlement Class Representatives approached each stage of the case, from the

construction of the complaints, their responses to motions to dismiss, and mediation. Because of the nature of the Display Fade resulting from a design which was no longer the industry norm, as well as because of Settlement Class Counsel's substantial efforts, Settlement Class Counsel could make informed judgments for purposes of Settlement, and additional discovery would provide little value in further assessing the merits of Plaintiffs' claims and defenses. Sufficient discovery occurred leading up to and during mediation such that essential information for purposes of crafting the Settlement were exchanged. Settlement Class Counsel's depth of experience in class action litigation and product defect litigation bore heavily here as well, as they were able to discern the strengths and weaknesses of this case based on their own experience and accomplish an efficient resolution. Importantly, the Court previously noted as well that "the Settlement has been reached as a result of intensive, arm's-length negotiations using an experienced third-party neutral" and that based upon "extensive and costly investigation, research, and discovery" that the "parties are reasonably able to evaluate the benefits of settlement" and avoid collusion. Dkt. 23 ¶ 7. Thus. Rule 23(e)(2)(B) is satisfied.

***The experience and views of counsel weigh in favor of final approval.*** Settlement Class Counsel have decades of class action litigation experience. Specifically, Settlement Class Counsel have extensive experience handling product defect class action lawsuits, with successful results and recoveries to class members across the country. Settlement Class Counsel worked extensively with a consulting expert for months prior to filing the case as well as during the litigation in order to understand the case's merits and shortfalls substantively. Settlement Class Counsel appreciated the value of the case as well as the attendant risks of further litigation, including the procedural risks inherent in product defect class actions, weighed them, and based upon their experience, believed that the Settlement satisfies all pertinent requirements under Rule 23. More than that, Settlement Class Counsel believed the Settlement was an excellent result for the Settlement Class which provided significant benefits to address Bosch's concealment of the latent Display Fade defect at the time of purchase.

Settlement Class Counsel's judgment weighs in favor of final approval and is entitled to a presumption of reasonableness. *See Rinky Dink Inc.*, 2015 WL 11234156, at *5 ("The recommendation of Plaintiffs' counsel should be given a presumption of reasonableness." (quoting *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1045 (N.D. Cal. 2008))).

***The reaction of the class members to the Settlement weighs in favor of final approval.*** Not a single Settlement Class Member, through the claims process or otherwise, has objected or opted out as of April 25, 2024, the deadline for doing so. "[T]he absence of a large number of objections to the proposed class action settlement raises a strong presumption that the terms . . . are favorable to the class members." *Fossett v. Brady Corp.*, No. ED CV 16-2572 PA (SPx), 2021 WL 2273723, at *9 (C.D. Cal. Mar. 23, 2021) (quoting *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004)); *see also Baker v. SeaWorld Entm't, Inc.*, No. 14-CV-02129-MMA-AGS, 2020 WL 4260712, at *8 (S.D. Cal. July 24, 2020) ("The absence of many objectors supports the fairness, reasonableness, and adequacy of the settlement."). The lack of objections and opt-outs demonstrates the positive reaction of Settlement Class Members to the Settlement.

**7.    Final Approval.**

For the reasons discussed above, the Court certifies the proposed Settlement Class and grants Plaintiffs' motion. The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23(a) and 23(b), and that the Parties' Settlement Agreement is fair, reasonable, and adequate.

DATED this 13th day of June, 2024.

*[signature]*

The Honorable Richard A. Jones
United States District Judge